■ IMRAN RIFFAT, Respondent, v CONTINENTAL INSURANCE COMPANY, Appellant. — Order, Supreme Court, New York County (Ostrau, J.), entered February 29, 1984, denying defendant's motion to dismiss the second and third causes of action as

well as plaintiff's demand for attorney's fees on each cause of action, unanimously reversed, on the law, without costs or disbursements, and the motion granted.

In this action for accidental dismemberment benefits under a group insurance policy, plaintiff sues to recover the policy limit, $125,000, based on the amputation of his right leg. The policy provides benefits for "loss * * * resulting directly and independently of all other causes from bodily injuries caused by accident occurring while this policy is in force". Plaintiff claims that as a result of a fall down stairs on April 4, 1982, he suffered a fracture which required the amputation. Yet, his treating physician has stated: "At this time he reported an osteogenic sarcoma in his right lower femur treated by high doses of radiation at age 15 * * * April 4, 1982 he fell fracturing his right femur through the previous area of tumor. In view of the markedly destroyed osseous structure by the radiation combined with the previous osteogenic sarcoma, it was elected to perform an amputation which was carried out on June 30, 1982."

After an investigation which revealed that plaintiff had complained of pain and swelling in the right knee area since December, 1981, well before the alleged fall of April 4, 1982, defendant's doctor, who examined plaintiff, was of the opinion that the condition for which the amputation was performed was secondary to the osteogenic sarcoma and the sequela of the extensive radiation therapy plaintiff had received as a child. This doctor concluded that whether or not plaintiff had sustained a fracture in April, 1982, the amputation was the result of a preexisting and unrelated condition. On the basis of his report and its investigation defendant denied plaintiff's claim, relying upon the policy language limiting coverage to losses "resulting directly and independently of all other causes".

Given this background, the causes of action for punitive damages ($5,000,000 plus $200,000 in incidental damages) and for intentional infliction of emotional and mental distress ($200,000), as well as the claim for attorney's fees, should have been dismissed for failure to state a claim. In seeking such relief pursuant to CPLR 3211 (subd [a], par 7), a movant is not compelled to assume the truth of the pleader's allegations. (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:25, p 31.) Nor in deciding such a motion is a court limited to the face of the pleading. Since an obvious and serious question of fact exists as to the cause of amputation, and, in turn, as to whether the dismemberment is covered, plaintiff's pleading assertion, with its familiar ring, that defendant's denial of coverage was "actuated by evil and reprehensible motives" which "constitute[s] gross, wanton and willful

fraud", is patently false and unprovable. Nor does plaintiff make any showing that defendant unduly delayed processing of the claim. Besides, as we have noted on another occasion, section 40-d of the Insurance Law, which applies to unfair claims practices by insurers, performs a disciplinary function and obviates the necessity for punitive damages in these first-party coverage cases. (*Cohen v New York Prop. Ins. Underwriting Assn.,* 65 AD2d 71, 79.) These types of complaints are more properly the province of the Superintendent of Insurance. (See *Frizzy Hairstylists v Eagle Star Ins. Co.,* 93 Misc 2d 59.)

The cause of action for the intentional infliction of mental and emotional stress, based on defendant's alleged knowledge that the benefits were essential to plaintiff in order to pay his expenses, is likewise fatally deficient since the contract of insurance did not create a relationship out of which sprang a separate duty to plaintiff, independent of the mere contract obligation. (See *Rich v New York Cent. & Hudson Riv. R. R. Co.,* 87 NY 382, 395, 399.) Defendant's obligation, if any, was to pay a sum certain in the event of death or dismemberment, not to provide funds for living expenses should an insured become disabled. If defendant breached its obligation to pay, plaintiff's remedy lies in a breach of contract action, which he has asserted, not in a tort action. "[A]bsent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty [citations omitted]." (*Wehringer v Standard Security Life Ins. Co.,* 57 NY2d 757, 759.)

Finally, plaintiff's demand for attorney's fees for each cause of action fails to state a claim. "It is the rule in New York that such a recovery may not be had in an affirmative action brought by an assured to settle its rights". (*Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21.) Concur — Sullivan, J. P., Carro, Milonas and Alexander, JJ.