■ MICHAEL FLEMING et al., Respondents-Appellants, v ALL-STATE INSURANCE COMPANY, Appellant-Respondent. — In an action to recover damages based upon a breach of an insurance contract, defendant appeals from an order of the Supreme Court, Suffolk County (Mallon, J.), dated August 22, 1983, which denied its motion to dismiss the complaint. (Plaintiffs' cross appeal from said order has been abandoned.)

Order modified, on the law, by adding thereto a provision granting defendant's motion to dismiss the complaint solely with respect to plaintiffs' requests for (1) compensatory damages for emotional distress and (2) punitive damages. As so modified, order affirmed without costs or disbursements.

Upon a motion to dismiss a complaint, a plaintiff must be given the benefit of every possible favorable inference (see *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634) and the complaint should not be dismissed if "upon examination of the four corners of the pleading * * * the factual allegations contained therein indicate the existence of a cause of action" (*Melito v Interboro-Mutual Ind. Ins. Co.,* 73 AD2d 819, 820; see, also, *Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Reifenstein v Allstate Ins. Co.,* 92 AD2d 715). So viewed, we hold that the instant complaint alleges a cause of action for breach of contract, and, if plaintiffs ultimately prevail, they may recover consequential damages resulting from said breach.

However, plaintiffs' requests for (1) damages for emotional distress and (2) punitive damages, must be stricken from the complaint. It is beyond cavil that a plaintiff cannot, in an action for breach of contract, recover damages for emotional distress (*Wehringer v Standard Security Life Ins. Co.,* 57 NY2d 757). With respect to the issue of punitive damages, it has been consistently held that plaintiffs may not recover such damages without submitting factual allegations that defendant, in its dealings with the general public, engaged in a fraudulent scheme which demonstrates "such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Walker v Sheldon,* 10 NY2d 401, 405; *Granato v Allstate Ins. Co.,* 70 AD2d 948, 949, mot for lv to app den 48 NY2d 610; see, also, *Reifenstein v Allstate Ins. Co.,* 92 AD2d 715, *supra; Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 318-319). "Allegations of breach of an insurance contract, even a breach committed willfully and without justification, are insufficient to authorize recovery of punitive damages" (*Catalogue Serv. v Insurance*

Co., 74 AD2d 837, 838; see, also, *Reifenstein v Allstate Ins. Co., supra; Kulak v Nationwide Mut. Ins. Co.,* 47 AD2d 418, 421, revd on other grounds 40 NY2d 140). Viewed from this perspective, the plaintiffs' allegations are insufficient to justify an award of punitive damages. Accordingly, the order appealed from must be modified to the extent indicated.

We have reviewed defendant's remaining contentions, i.e., that the instant action is barred by virtue of (1) an earlier declaratory judgment action between the parties and (2) the Statute of Limitations, and find them to be without merit (*Johnson v General Mut. Ins. Co.,* 24 NY2d 42, 51; *Teeter v Allstate Ins. Co.,* 9 AD2d 176, 185; *Colpan Realty Corp. v Great Amer. Ins. Co.,* 83 Misc 2d 730; *Boyd Bros. Transp. Co. v Fireman's Fund Ins. Cos.,* 540 F Supp 579, 582, affd 729 F2d 1407). Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.