■ MICHAEL FLEMING et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant.—In an action to recover damages based on an alleged breach of an insurance contract, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Orgera, J.), dated December 22, 1983, as granted that branch of plaintiffs' mo-

tion which was to vacate items Nos. 6 and 8 of its demand for a bill of particulars.

Order modified, by deleting therefrom so much thereof as granted that branch of plaintiffs' motion which was to vacate items Nos. 6 and 8 of defendant's demand for a bill of particulars, and motion granted solely to the extent of vacating so much of item No. 6 of defendant's demand as requires plaintiffs to annex "true and complete copies" of any receipts or canceled checks which may support their claim for financial damages in paragraph No. 17 of their complaint. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Plaintiffs are directed to serve and file a bill of particulars with respect to the balance of items Nos. 6 and 8 within 15 days after service upon them of a copy of the order to be made hereon, with notice of entry.

During the pendency of the instant appeal this court dismissed so much of plaintiffs' complaint as requested compensatory damages for emotional distress and punitive damages (*Fleming v Allstate Ins. Co.,* 106 AD2d 426). As a consequence of that determination, most of the items set forth in defendant's demand for a bill of particulars have been rendered academic. However, the remaining items, namely items Nos. 6 and 8, seek particularization of plaintiffs' claimed entitlement to special damages. Apart from the documentation demanded in item No. 6, that item, as well as item No. 8, was therefore proper, and should not have been vacated. Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.