■ ARTHUR G. KURRUS et al., Appellants-Respondents, v CNA INSURANCE COMPANY et al., Respondents-Appellants.—In an action to recover compensatory and punitive damages based upon an alleged breach of a policy of fire insurance, plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Burchell, J.), dated February 24, 1984, as denied their cross motion for summary judgment, and defendants appeal (1) from an order of the same court (Stolarik, J.), dated June 12, 1984, which denied their motion to dismiss the second cause of action of the amended complaint which sought recovery of compensatory and punitive damages arising from defendants' alleged unfair trade practices under Insurance Law article 24 and § 2601 and (2) from so much of an order of the same court (Stolarik, J.), dated September 18, 1984, as, upon reargument, adhered to its original determination.

Order dated February 24, 1984 affirmed insofar as appealed from.

Appeal from the order dated June 12, 1984 dismissed. That order was superseded by the order dated September 18, 1984, made upon reargument.

Order dated September 18, 1984 reversed insofar as appealed from, on the law, order dated June 12, 1984 vacated, and motion to dismiss the second cause of action of the amended complaint granted.

Defendants are awarded one bill of costs.

Plaintiffs commenced this action to recover under a fire insurance policy issued by defendants upon plaintiffs' auto

parts warehouse following a fire which destroyed the warehouse and its contents.

Defendants have presented sufficient evidence of the fire's incendiary origin and plaintiffs' motive to recover insurance proceeds to support their affirmative defenses of fraud and arson, and, therefore, to defeat plaintiffs' cross motion for summary judgment (see, R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co., 56 NY2d 918; V.F.V. Constr. Co. v Aetna Ins. Co., 56 AD2d 598).

The allegations of the second cause of action seeking compensatory and punitive damages in substance paraphrase the provisions of Insurance Law § 2601 (formerly Insurance Law § 40-d as renum by L 1984, ch 367) relating to unfair claim settlement practices. The prohibitions of section 2601 are included within Insurance Law article 24 governing unfair trade practices in the business of insurance, under the definition of "Defined violation" (Insurance Law § 2402 [b]).

Plaintiffs' second cause of action raises the question of whether Insurance Law § 2601 may be read to create a private right of action. In addressing claims arising under Insurance Law former § 40-d, the predecessor to section 2601, the Court of Appeals appears to have left open the possibility of private litigants asserting such a claim (see, e.g., Dano v Royal Globe Ins. Co., 59 NY2d 827, 829; Hubbell v Trans World Life Ins. Co., 50 NY2d 899, 901). However, the Appellate Division, First Department, has explicitly ruled that former section 40-d affords to the State Insurance Department a public right of redress, but does not create a private right of action (Royal Globe Ins. Co. v Chock Full O'Nuts Corp., 86 AD2d 315, 316, lv dismissed 58 NY2d 800; Cohen v New York Prop. Ins. Underwriting Assn., 65 AD2d 71, 78-79).

We agree with the position taken by our colleagues in the First Department. One of the primary purposes of punitive damages is to deter the wrongdoer as well as others from engaging in similar conduct in the future (Walker v Sheldon, 10 NY2d 401, 404). A cause of action brought pursuant to section 2601 would essentially perform a disciplinary function and, hence, would serve the same purpose as a private right of action for recovery of punitive damages (see, Cohen v New York Prop. Ins. Underwriting Assn., supra, p 79; Cosmopolitan Mut. Ins. Co. v Nassau Ins. Co., 99 Misc 2d 1018, 1019). Viewed in this way, enforcement of the provisions of section 2601 is more appropriately within the province and jurisdiction of the State Superintendent of Insurance. Moreover, since

no private right of action exists under section 2601, the administrative review procedures provided under Insurance Law § 2403 *et seq.* are the exclusive remedies for determining violations of section 2601. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.