■ MARY MAVROUDIS, Appellant, v STATE WIDE INSURANCE COMPANY, Respondent.—In an action to recover damages for the alleged wrongful denial of no-fault insurance benefits under an automobile insurance policy, and to declare the rights and obligations of the parties under the no-fault indorsement of the policy, the plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Richmond County (McBrien, J.), dated February 26, 1985, as denied her motion to compel the defendant to answer her supplemental interrogatories, and granted, in part, the motion of the nonparty witness, Dr. Michael Klein for a protective order, (2) from so much of an order and judgment (one paper) of the same court, dated June 24, 1985, as, upon the defendant's motion for summary judgment dismissing her complaint, granted dismissal of so much thereof as sought to

recover compensatory and punitive damages for conspiracy, fraud, and intentional or negligent infliction of emotional distress, and (3) from an order of the same court, dated July 24, 1985, which denied her motion to reargue the above motions.

Appeal from the order dated July 24, 1985, dismissed. No appeal lies from an order denying reargument.

Order dated February 26, 1985, affirmed insofar as appealed from.

Order and judgment dated June 24, 1985, affirmed.

The defendant is awarded one bill of costs.

As this court recently noted, claims of persistent unfair settlement practices such as those alleged by the plaintiff in this matter are the exclusive province of the New York State Superintendent of Insurance and may not give rise to an independent cause of action for punitive damages under the rule in *Walker v Sheldon* (10 NY2d 401) *(see,* Insurance Law § 2601; *Kurrus v CNA Ins. Co.,* 115 AD2d 593; *Riffat v Continental Ins. Co.,* 104 AD2d 301).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.