■ MARY MAVROUDIS, Appellant, v STATEWIDE INSURANCE COMPANY, Respondent.—In an action to recover damages, *inter alia,* for breach of an automobile liability insurance contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated February 24, 1987, which denied her motion to, *inter alia,* (1) vacate (a) an interlocutory order and judgment (one paper), of the same court (McBrien, J.), dated June 24, 1985, as upon the defendant's motion for summary judgment dismissing her complaint, granted dismissal of so much thereof as sought to recover damages for conspiracy, fraud and infliction of emotional distress, (b) an order of the same court, dated February 26, 1985, which, *inter alia,* denied her motion to compel the defendant to answer her supplemental interrogatories, and granted, in part, the motion of the nonparty witness Dr. Michael Klein for a protective order, and (c) an order of the same court, dated July 24, 1985, denying her motion for reargument, (2) grant renewal of the defendant's motion for summary judgment and the plaintiff's motion to compel certain disclosure, and (3) direct the defendant insurer and a certain nonparty witness to preserve and maintain documents.

Ordered that the order is affirmed, with costs.

In July 1981 the plaintiff was involved in an automobile collision and obtained certain first-party no-fault benefits from the defendant, the insurer of her husband's vehicle. When the insurer discontinued further benefits based upon the medical report and opinion of its examining physician, Dr. Michael Klein, the plaintiff commenced this action to recover damages for breach of the insurance contract.

The case came before this court for the first time in *Mavroudis v State Wide Ins. Co.* (102 AD2d 864). The Supreme Court had denied the defendant's motion to strike certain interrogatories. We found that the Supreme Court erred in failing to grant the defendant's motion to strike these interrogatories because the complaint failed to "plead a cause of action for conspiracy to defraud defendant's insureds", the subject of the challenged interrogatories.

Thereafter, the plaintiff amended the complaint adding a cause of action seeking $250,000 as compensatory damages, and $100,000,000 as punitive damages based upon the allegation. The plaintiff alleged that the insurer was involved in fraudulent, criminal and dishonest conduct in that it obtained negative medical reports from Dr. Klein and others, on a systematic basis, and regularly conspired with a group of physicians, who in exchange for remuneration, provided negative, false and inaccurate reports unfavorable to claimants.

Upon the defendant's motion for summary judgment, the Supreme Court, in the interlocutory order and judgment dated June 24, 1985, granted partial summary judgment in favor of the defendant, dismissing the complaint except insofar as it seeks recovery of no-fault benefits payable to the plaintiff based upon the defendant's alleged breach of contract and except to the extent that it seeks a declaratory judgment. By order dated February 26, 1985, the court also granted in part a motion by Dr. Klein for a protective order, and denied the plaintiff's motion to compel the defendant to answer her supplemental interrogatories. By order dated July 24, 1985, the plaintiff's motion for reargument was denied. On appeal by the plaintiff from the interlocutory order and judgment dated June 24, 1985, and the order dated February 26, 1985, this court affirmed, stating: "As this court recently noted, claims of persistent unfair settlement practices such as those alleged by the plaintiff in this matter are the exclusive province of the New York State Superintendent of Insurance and may not give rise to an independent cause of action for punitive damages under the rule in *Walker v Sheldon* (10 NY2d 401) *(see,* Insurance Law § 2601; *Kurrus v CNA Ins. Co.,*

115 AD2d 593; *Riffat v Continental Ins. Co.,* 104 AD2d 301)" *(Mavroudis v State Wide Ins. Co.,* 121 AD2d 433, 434, *lv dismissed* 68 NY2d 997).

In December 1986 the plaintiff moved pursuant to CPLR 5015 (a) (2) and (3) to vacate the prior orders dated February 26, 1985 and July 24, 1985, and the interlocutory order and judgment dated June 24, 1985, concerning this claim on the grounds of newly discovered evidence and the alleged misconduct of the defendant and his attorney. Specifically, the plaintiff's present application for relief is to have these orders and the interlocutory order and judgment vacated to reinstate the fraud cause of action, and to permit her to conduct certain discovery in order to establish her claim.

We find that the court properly denied the plaintiff's motion in all respects. Although she characterized the evidence presented in her supporting papers as "newly discovered" and material, it was merely cumulative of the evidence previously submitted. We note that the plaintiff has consistently relied upon conclusory allegations which are insufficient to demonstrate that the defendant has engaged in conduct reflecting "such wanton dishonesty as to imply a criminal indifference to civil obligations" *(Walker v Sheldon,* 10 NY2d 401, 405; *Fleming v Allstate Ins. Co.,* 106 AD2d 426, *affd* 66 NY2d 838, *cert denied* 475 US 1096).

We have considered the plaintiff's remaining contentions and find them all to be without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.