NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PA., Plaintiff,

v.

MASON, PERRIN & KANOVSKY, Arthur D. Mason, Richard P. Perrin, Helen R. Kanovsky, James F. McConnell and Mary V. Harcar, Defendants.

No. 87 Civ. 9269 (RWS).

United States District Court,
S.D. New York.

March 17, 1989.

Arnoff & Siskind, P.C., New York City, for plaintiff; Norman B. Arnoff, Linda K. Brockett, Gordon P.R. Posner, of counsel.

O'Dea & Mason, Washington, D.C., for defendant Arthur D. Mason; James L. O'Dea, of counsel.

Mark Grossman, New York City, for defendant Richard P. Perrin.

Helen R. Kanovsky, Bethesda, Md., pro se.

## OPINION

SWEET, District Judge.

Defendant Helen R. Kanovsky ("Kanovsky") has moved pursuant to Rule 12(b)(7), Fed.R.Civ.P., to dismiss the complaint of Plaintiff National Union Fire Insurance

Company of Pittsburgh ("National Union") on the grounds that National Union failed to join indispensable parties under Rule 19, Fed.R.Civ.P., and for attorney's fees incurred in defending against the complaint. In the alternative, Kanovsky has moved under 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the District of Columbia. Kanovsky is joined in this motion by defendants Richard P. Perrin ("Perrin") and Arthur D. Mason ("Mason"). National Union has cross-moved under Rules 12(c) and 12(h)(2) Fed. R.Civ.P. to dismiss the counterclaims for failure to state a claim upon which relief can be granted. For the reasons set forth below, Kanovsky's motion to dismiss the complaint is denied, as is National Union's motion to dismiss the counterclaims. Kanovsky's motion to transfer venue is granted.

*Facts and Prior Proceedings*

National Union has brought this action seeking to rescind a policy of lawyer's professional liability insurance and for damages. Kanovsky has counterclaimed, charging National Union with bad faith. She has also filed a Third–Party Complaint against First State Insurance company ("First State"), as the primary carrier for defendants with respect to the *In re Boardwalk Marketplace* class action litigation (the "Boardwalk litigation"), according to National Union. The Boardwalk litigation involves a series of lawsuits by investors in limited partnerships alleging violations of federal securities laws. Mason, Perrin and Kanovsky have been among those named as defendants in many of the suits.

The facts in this case are set forth in this court's opinion dated June 29, 1988 (the "June opinion"), *National Union Fire Insurance Co. v. Mason, Perrin & Kanovsky*, 689 F.Supp. 303 (S.D.N.Y.1988), familiarity with which is assumed, in which motions to dismiss for lack of personal jurisdiction by defendants Mary V. Harcar ("Harcar") and James F. McConnell ("McConnell") were granted. By opinion dated July 29, 1988, the June opinion was modified to the extent that the motion to dismiss the complaint as against McConnell was denied.

Since the June opinion, defendant Arthur D. Mason ("Mason") has been acquitted of all charges against him in the federal criminal action. In addition, on November 1, 1988, First State and National Union entered into a Sharing Agreement by which First State will reimburse National Union five-twelfths of the attorneys' fees and costs to defend the insureds. National Union has agreed to abandon all claims against the insureds for monetary damages.

*Defendants' Motion to Dismiss on Grounds of Indispensability*

Rule 19, Fed.R.Civ.P. sets forth the standards for "Joinder of Persons Needed for Just Adjudication." Pursuant to Rule 19(a), a person should be joined if:

> (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of this action in his absence may
>
> > (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The application for the Insurance policy at issue in this case names seven individuals, who became "Persons Insured under the Insurance Policy" from its date of inception: Mason, Perrin, Kanovsky, Harcar, McConnell, Linda L. Lord ("Lord") and Kevin L. Petrasic ("Petrasic"). It also names the law firm of Mason Perrin & Kanovsky ("MP & K"). Harcar, Lord and Petrasic have not, to date, been named as defendants in the *Boardwalk* litigation. However, Harcar was a general partner of MP & K, a named defendant in *Boardwalk*. On November 15, 1986, on the election of MP & K, the policy was cancelled. Thereafter, Mason, Perrin and Kanovsky, but not Harcar, Lord or Petrasic, exercised their right under the terms of the policy to pur-

chase an extended reporting period to cover claims made after such date.

Kanovsky contends that Harcar, Lord and Petrasic are necessary parties to this action, and that, because they cannot be joined as parties on grounds of lack of personal jurisdiction, dismissal is required under Rule 19. In addition, Kanovsky contends that First State is an indispensable party to this lawsuit. However, these parties do not need to be joined under 19(a).

■ First, in considering whether these parties are necessary under Rule 19(a)(1), which provides that in the absence of a necessary party, complete relief cannot be accorded, it is important to note that defendants, and not plaintiff National Union, have brought this motion. If National Union loses this suit and is thus bound to fulfill its obligations under the Insurance Policy, the absence of the parties will not affect the ability of defendants to be accorded complete relief. If National Union is successful, it will be relieved of having to defend the named defendants.

As for whether the missing parties have an interest in the action, it is at least arguable that Harcar does, even though she has been dismissed from this action. As a general partner of MP & K, she may have an interest in the underlying litigation even if not named as a defendant. However, if the insurance policy is found to be valid, National Union may owe a duty under the policy to MP & K, and its obligations would continue until the *Boardwalk* litigation is completed. As for Lord and Petrasic, they have no claim under the insurance, which was a "claims made" policy, and they did not make claims before the cancellation of their insurance on November 15, 1986.[1] Furthermore, like Harcar, neither Lord nor Petrasic has been named in any litigation covered by the subject policies. Therefore, they have no interest in this action.[2]

■ However, even if Lord, Petrasic and Harcar had an interest to protect, they are not necessary parties to this litigation, since they are adequately represented by the current defendants. Rule 19(a)(2)(i) provides that parties with an interest must be joined only if their absence may "as a practical matter impair or impede" their ability to protect their interest. According to Moore's,

> The language "as a practical matter" has a restrictive as well as an expansive side. Thus the fact that the absent person may be bound by the judgment does not of itself require his joinder if his interests are not fully represented by parties present; nor does the mere theoretical possibility of prejudice require joinder.

3A Moore's, ¶ 19.07 [2.–1], at 19–106 to 19–108.

Several courts have held that where defendants have raised arguments which the missing party would raise, the missing party's interests have been adequately represented. *See, e.g., United Transportation Union v. Long Island Railroad Co.*, 634 F.2d 19, 22 (2d Cir.1980), *rev'd on other grounds*, 455 U.S. 678, 102 S.Ct. 1349, 71 L.Ed.2d 547 (1982) (although the Attorney General was not made party to a suit brought against the Long Island Rail Road and the Metropolitan Transportation Association challenging the validity of a law used to restrain a strike, the Court of Appeals for the Second Circuit held that the Attorney General was not indispensable, for, among other reasons, his interests were adequately represented by the parties present); *Jeffries v. Georgia Residential Finance Authority*, 678 F.2d 919, 928 (11th Cir.), *cert. denied*, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982) (in a consti-

---

1. The policy of insurance states:
   If during the policy period or the extended reporting period, the Company shall be given written notice of any act, error or omission which could reasonably be expected to give reason to a claim or suit against the insured under this policy, any claim which subsequently arises out of such act, error or omission shall be considered to be a claim reported during the policy period or extended reporting period in which the said written notice was so received.

2. While Petrasic has been named as a defendant in *Columbia Federal Savings Bank v. Leff & Mason,* Superior Court of Bridgeport, Connecticut (1988), the cause of action in *Columbia* is unrelated to the securities litigation at issue here.

tutional challenge to eviction procedures of landlords against tenants of a federal housing program, the court held that it was sufficient to make one single landlord a party, since absent landlords would have the same interests as the defendant, and their interests were therefore protected). Here, the absent partners would appear to have no interest or argument different from the present defendants with respect to the coverage of the policies. Thus, any interests which the absent individuals have are adequately represented and protected by the defendants in this action who have "as a practical matter" protected the indirect interest of the others.

■ In addition, the absence of Lord, Petrasic and Harcar is not cause to fear "double, multiple or otherwise inconsistent obligations." Rule 19(a)(2)(ii). Again, it is important to keep in mind that this motion is brought by defendants, and not by plaintiffs. If National Union succeeds in this suit for rescission, it will tender back the premium to the firm. If National Union is not successful, it will pay for defendants' defense in the *Boardwalk* litigation. Furthermore, a decision that National Union is not obliged to defend the present defendants is not necessarily incompatible with a decision that it must defend Lord, Petrasic or Harcar.

■ Therefore, the missing parties do not have to be joined under 19(a) Fed.R.Civ. P. However, even if these parties *should* be joined under 19(a), they are not indispensable under 19(b), and therefore there is no need to dismiss this action.

Pursuant to Rule 19(b), Fed.R.Civ.P., when joinder of the person described under 19(a) is not feasible:

> the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being regarded as indispensable.

To determine whether a missing person is indispensable, the factors the court should consider include:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 19(b) Fed.R.Civ.P. There are no set rules for applying these criteria; instead, "[w]hether a person is 'indispensable' ... can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 742–43, 19 L.Ed. 2d 936 (1968).

Here, as seen, there is little possibility of prejudice if Harcar, Petrasic and Lord are not present. There are no direct claims against any of these parties, and their interests are being protected by current defendants. Because of this, there is little need by this court to shape relief. As for the adequacy of judgment, again, if National Union wins this case, the policy will be rescinded. Although there would be an adequate remedy to plaintiff for non-joinder—trying the case in the District of Columbia—the parties which defendants seek to join are not indispensable. Kanovsky's motion to dismiss the complaint is therefore denied.

■ Finally, First State is not an indispensable party to this lawsuit. It was not a party to the policy between National Union and the defendants, and has worked out an agreement with National Union as to how to divide defense expenses. Moreover, it has been added as a third party defendant to this action.

*Motion to Dismiss Counterclaims*

■ In her counterclaim, Kanovsky alleges that National Union represented to her that the primary insurer with respect to coverage for claims arising out of the lawyers professional liability insurance was First State, and that National Union, being an excess carrier, would pursue coverage by First State. By failing to pursue cover-

age by First State, and instead suing her, Kanovsky alleges that National Union has acted in bad faith, as a result of which Kanovsky has had to retain counsel in New York State and the District of Columbia.

Kanovsky also alleges that National Union's conduct with respect to First State, both prior to and during the pendency of this lawsuit, may make it liable for tortious conduct for the intentional interference with her contractual and business relationship with First State. In addition, Kanovsky claims that prior to filing this action, counsel for National Union conducted a coverage investigation in an effort to harass and intimidate the defendants, in violation of the principle of good faith and fair dealing required of any contracting party.

Kanovsky also alleges that it is the policy of National Union to deny coverage and payment of claims to policyholders in bad faith, and that this very lawsuit has the objective of forcing Kanovsky to relinquish her rights under the insurance policy and extension policy. Kanovsky seeks to recover punitive damages.

When considering a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, it is necessary to assume that the material facts the opposing party alleges are true. *See, e.g., Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); *Mandeville Island Farms, Inc. v. American Crystal Sugar Co.*, 334 U.S. 219, 222, 68 S.Ct. 996, 999, 92 L.Ed. 1328 (1948). Only then, if Kanovsky has failed to state a claim upon which relief may be granted, can National Union's motion be granted. Therefore, for the purposes of this motion, it must be assumed that the insurance application was complete, truthful and unassailable, that National Union has lied to and misled the defendants prior to initiating this suit, that it withheld material information as to its agreement with First State, and that it has a general policy of denying coverage and payment of claims to policyholders in bad faith.

National Union argues that because its position on the merits of the case on re-

scission is at least "arguably correct," there can be no bad faith, entitling it to a dismissal of the counterclaims. *See Orion Insurance Co. Ltd. v. General Electric Co.*, 129 Misc.2d 466, 493 N.Y.S.2d 397 at 403 (Sup.Ct. Queens, 1985); *aff'd*, 125 A.D. 2d 567, 509 N.Y.S.2d 778 (2d Dept., 1986); *Dawn Frosted Meats, Inc. v. Insurance Co. of North America*, 99 A.D.2d 448, 470 N.Y.S.2d 624 (1st Dept.), *aff'd*, 62 N.Y.2d 895, 478 N.Y.S.2d 867, 467 N.E.2d 531 (1984). Further, it points out that, contrary to cases where bad faith on the part of insurance companies was found, *see, e.g., Central Armature Works, Inc. v. American Motorists Insurance Co.*, 520 F.Supp. 283 (D.D.C.1980), National Union has continued to meet its obligation to provide coverage for defendants' defense.

As for punitive damages, National Union contends that in order to recover such damages, the defendants must factually allege grave dishonesty and criminal conduct, *see Fleming v. Allstate Insurance Company*, 106 A.D.2d 426, 482 N.Y.S.2d 519 (2d Dept., 1984); *aff'd*, 66 N.Y.2d 838, 498 N.Y.S.2d 365, 489 N.E.2d 252 (1985), which they have failed to do. National Union also argues that the allegation by defendants of a consistent policy of bad faith is not sufficient for an award of punitive damages. *See Mavroudis v. State Wide Insurance Company*, 121 A.D.2d 433, 503 N.Y.S.2d 133 (2d Dept.1986), *appeal dismissed*, 68 N.Y.2d 997, 510 N.Y.S.2d 1028, 503 N.E.2d 125 (2d Dept.1987).

However, Kanovsky has alleged adequate charges to make out claims for bad faith and for punitive damages. As this court acknowledged in *Universal City Studios, Inc. v. Nintendo Co.*, 615 F.Supp. 838 (S.D.N.Y.1985), *quoting Zilg v. Prentice–Hall, Inc.*, 515 F.Supp. 716, 719 (S.D.N.Y. 1981) "[a] party's bad faith 'can rarely be established by direct evidence, and must often be proved circumstantially and by inference'." Kanovsky has provided sufficient evidence to support an inference of bad faith on the part of National Union, and is entitled to discovery on the issue of National Union's bad faith.

As for punitive damages, the standard for determining whether punitive damages can be awarded is given by the law of the District of Columbia, for it was there that the application for insurance was made, the premium paid and the policy delivered. *See Mutual Life Insurance Co. v. Johnson,* 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398 (1934); *New York Life Ins. Co. v. Dodge,* 246 U.S. 357, 38 S.Ct. 337, 62 L.Ed. 772 (1918). Under District of Columbia law, the basis for an award of punitive damages is set forth in *Subscription TV of Greater Washington v. Kaufmann,* 606 F.Supp. 1540, 1546 (D.D.C.1985):

> Punitive damages are justified when the defendant acts with "gross fraud, wantonness, maliciousness, or willful disregard" for the rights of others. *Rainbolt v. Johnson,* 669 F.2d 767, 769 (D.C. Cir.1981). *Accord Knippen v. Ford Motor Co.,* 546 F.2d 993, 1002 (D.C.Cir. 1976). Moreover, the trier of fact may infer the requisite mental state from the defendants conduct. *See Hobson v. Wilson,* 556 F.Supp. 1157, 1193 (D.D.C.1982).

From Kanovsky's allegations, it is possible to infer bad faith and the wantonness or maliciousness required for punitive damages. Thus, the Counterclaim is sufficient to permit Kanovsky to proceed to discovery on her claims, and National Union's motion is denied.

### Motion for Change of Venue

Kanovsky's motion to change venue is based upon 28 U.S.C. § 1404(a), which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought.

The burden of establishing that there should be a change of forum under § 1404 is on the defendant-movant. *Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Troyer v. Karcagi,* 488 F.Supp. 1200 (S.D.N.Y.1980). Factors to consider in determining whether a movant has met his burden include:

(1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice.

*Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967) (footnotes omitted). The "determination whether to grant a change of venue requires a balancing of the convenience." *Steinhardt Partners v. Smith Barney, Harris Upham & Co.,* No. 88 Civ. 3990, 1989 WL 11063 (S.D.N.Y., Jan. 31, 1989). The defendant-movant's burden is heavy, and unless the balance of factors strongly favors the defendant, the plaintiff's choice of forum should not be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

Kanovsky has met her burden of establishing the need for a change of venue. As she points out, all of the defendants did business in the District of Columbia and are amenable to suit there. MP & K was a District of Columbia partnership. The application for insurance in this case was filed with a District of Columbia broker and was forwarded to National Union's exclusive agent in suburban Washington. The Policy was delivered from the broker in the District of Columbia to MP & K in the District of Columbia or suburban Washington. Therefore, the documents relevant to the Policy and witnesses who can testify about the policy and the application procedure are in the District of Columbia or within the subpoena jurisdiction of the United States District Court for the District of Columbia.

National Union, in opposition, contends that there is evidence in the files of the New York State Attorney General's Office, the United States Attorney's Office which prosecuted the action against Mason, and the New York County District Attorney's office, which is currently prosecuting criminal proceedings against Mason, to show that Mason or his firm knew or should

have known of facts that should have been disclosed on the application for insurance. National Union also states that there is evidence in the Court records in the United States District and New York Supreme Courts, since the allegedly fraudulent securities transactions, which National Union claims are related to the nondisclosure in the insuring application, occurred in New York. Furthermore, National Union points out that many of the limited partnerships which are the subject of the underlying civil complaints against defendants were sold in New York to New York investors, and thus much of the documentary evidence relating the fraudulent sales, as well as many of the witnesses with knowledge of the sales, are in New York. Finally, many securities fraud actions have been filed in New York, whereas none have been filed in the District of Columbia.

Notwithstanding, the customary measure of convenience to parties, witnesses, and sources of proof weigh in favor of transfer to the District of Columbia. No witnesses subject to subpoena only in New York have been identified. Any documents relating to the defendants' knowledge of the securities frauds alleged under control of the State in the New York criminal proceeding or of the parties in the *Boardwalk* litigation are as accessible for third party production initiated in the District of Columbia as such production initiated in an action based in New York.

National Union has not adequately explained how any particular third party, investors, brokers and dealers involved in the securities cases are essential to the rescission action and can be discovered in a New York action more satisfactorily than in a District of Columbia action. Indeed, witnesses in the securities litigation are located apparently all over the county. Thus, Kanovsky's motion to transfer venue is granted.

*Conclusion*

For the reasons set forth above, National Union's motion to dismiss the counterclaims is denied. Kanovsky's motion to dismiss for failure to join indispensable parties is also denied. Her motion for a change of venue to the District Court for the District of Columbia is granted.

It is so ordered.