**David F. KUNZ, Plaintiff,**

v.

**NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT, Robert Tembeckjian, Individually and as Administrator and Counsel of the New York State Commission on Judicial Conduct, New York State Office of Court Administration, and Hon. Jan H. Plumadore, Individually and as Deputy Chief Administrator of the New York State Office of Court Administration, Defendants.**

**No. 1:05–CV–50(LEK/RFT).**

United States District Court, N.D. New York.

Feb. 15, 2005.

George J. Szary, Degraff, Foy Law Firm, Albany, NY, for Plaintiff.

James B. McGowan, New York State Department of Law, Albany, NY, for Defendants.

### MEMORANDUM–DECISION AND ORDER [1]

KAHN, District Judge.

## I. Background

Plaintiff David F. Kunz ("Kunz") filed this action on January 18, 2005 against Defendant New York State Commission on Judicial Conduct ("Commission"), Robert Tembeckjian ("Tembeckjian"), New York State Office of Court Administration ("OCA") and the Honorable Jan H. Plumadore ("Justice Plumadore") (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights to due process, equal protection, and free association. Currently before the Court is Kunz's motion for a preliminary injunction to enjoin the Commission and Tembeckjian from exercising or attempting to exercise jurisdiction over Kunz in the matter involving the Honorable Thomas J. Spargo ("Justice Spargo") and to enjoin the OCA and Justice Plumadore from enforcing the January 4, 2005 Administrative Order ("January 4 Order") as against Kunz.

## II. Facts

Kunz is an attorney licensed to practice in the State of New York. Kunz Aff. (Dkt. No. 3) at ¶ 3. In August 2001, Kunz was retained by Justice Spargo to represent him in connection with administrative proceedings before the Commission. Kunz Memo. (Dkt. No. 9) at 3. During the course of this representation, in late 2003 and early 2004, Tembeckjian investigated addi-

---

**1.** For printed publication in the Federal Re- porter.

tional allegations against Justice Spargo, and a second supplemental complaint was served. Def. Memo (Dkt. No. 7) at 3. Attorney E. Stewart Jones ("Jones") provided testimony in connection with this investigation. *Id.* Jones was advised by Tembeckjian in April 2004 that he would be subpoenaed to testify at the hearing, and the Commission sent him a subpoena on August 17, 2004. *Id.* at 3–4. He also advised Kunz of this information. *Id.* at 3.

In late August 2004[2], a "Consent to Change Attorneys" form was executed by Justice Spargo and Kunz, substituting Jones for Kunz as Justice Spargo's attorney. Kunz Memo. (Dkt. No. 9) at 4. This form was filed with the Commission. *Id.* The Commission was notified of the substitution by letters from Jones on August 20, 2004 and from Kunz on August 25, 2004. *Id.* at 5. Following this was a series of letters between the Commission and Kunz, with the Commission insisting that Kunz is Justice Spargo's counsel until they give permission otherwise due to the potential conflict of Jones, and Kunz insisting that he had no further involvement with the proceedings. *Id.* at 5–6. A hearing was scheduled on this matter for September 2, 2004, but Kunz indicated that he had no intention of appearing. Def. Memo. (Dkt. No. 7) at 4. Kunz transferred the file to Jones, and met with him to advise him of the status of the matter. Kunz Memo (Dkt. No. 9) at 4. Kunz has had no further role in the representation of Justice Spargo. *Id.* at 7.

On September 1, 2004, Jones commenced an Article 78 proceeding on Justice Spargo's behalf in the New York State Supreme Court, Albany County, challenging the constitutionality of certain provisions of the Code. Kunz Memo. (Dkt. No. 9) at 6. The state court ordered a stay of Commission proceedings, postponing the September 8, 2004 hearing on the charges against Justice Spargo. *Id.* Because Justice Spargo sits in the Third Judicial District, of which Albany County is a part, District Administrative Judge George B. Ceresia, Jr. ("Justice Ceresia") informed Justice Plumadore that it would be "inappropriate" for Justice Spargo's Article 78 proceeding to be heard in Albany County. Def. Memo. (Dkt. No. 7) at 5. Justice Plumadore agreed, and assigned the Article 78 proceeding to Justice Nicholas Colabella ("Justice Colabella") in the neighboring Ninth Judicial District (Westchester County). *Id.* During the course of this proceeding, neither the Commission nor Tembeckjian sought to disqualify Jones as Justice Spargo's representative. Kunz Memo. (Dkt. No. 9) at 7. Justice Collabella dismissed the proceeding on December 9, 2004. Def. Memo. (Dkt. No. 7) at 5.

On December 21, 2004, Tembeckjian moved for an order disallowing the substitution of Jones for Kunz, disqualifying Jones, and declaring Kunz to be Justice Spargo's attorney. *Id.* A hearing was set before the referee on January 6, 2004. *Id.* Kunz advised the Commission that he believed that it lacked personal jurisdiction to compel him to appear. Kunz Memo. (Dkt. No. 9) at 9–10.

Kunz attempted to commence an Article 78 proceeding in the Supreme Court, Albany County, on January 3, 2005, to contest the Commission's exercise of jurisdiction over him. *Id.* at 10. After three justices recused themselves before the Article 78 proceeding was filed, Justice Ceresia contacted Justice Plumadore regarding the proposed proceeding. *Id.* at 11. Justice Plumadore, by an administrative order dated January 4, 2005, assigned any such

---

**2.** The document states that it is dated August 25, 2004, but it was not notarized until August 31, 2004. Consent (Dkt. No. 9) at 1.

proceeding by Kunz to Justice Colabella. *Id.*

After contacting Justice Colabella's chambers, Kunz sought and received an adjournment of the January 6, 2005 proceeding until January 20, 2005. *Id.* at 12. Counsel for Kunz later spoke with Justice Colabella's law clerk, who informed him that Justice Colabella said that he did not believe that the petition was proper for him to consider based upon the authority granted to the Commission to approve withdrawal of counsel. *Id.* After a conference call with Justice Colabella's chambers, Kunz was told that the earlier statements were advice offered only as a courtesy, and that Kunz could present his papers to Justice Colabella. *Id.* Kunz has not attempted to commence an Article 78 proceeding in that court. Def. Memo (Dkt. No. 7) at 6.

Instead, on January 18, 2005, Kunz initiated the instant lawsuit. Complaint (Dkt. No. 1). This Court issued a temporary restraining order ("TRO") enjoining the Commission and Tembeckjian from asserting jurisdiction over Kunz and enjoining the OCA and Justice Plumadore from enforcing the January 4, 2005 Order. TRO (Dkt. No. 3). The return date for the motion for a preliminary injunction was adjourned (and the TRO remained in place) until February 9, 2005. Def. Memo. (Dkt. No. 7) at 7.

On January 20, 2005, the Commission, after obtaining confirmation from the Court that such a proceeding was not enjoined by the TRO, conducted a hearing on Tembeckjian's motion concerning Jones' representation of Justice Spargo. *Id.* The referee ruled that Jones was disqualified from representing him. *Id.* The hearing regarding the charges against Justice Spargo was scheduled for June 1, 2005. *Id.*

## III. Discussion

### A. Younger Abstention

#### 1. Standard

The Supreme Court's ruling in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), established that a federal court, although it properly has jurisdiction, in the interest of comity, should abstain from hearing a case that would interfere with an on-going state criminal proceeding. "[D]ismissal or a stay of claims is mandatory when the requirements for *Younger* abstention are satisfied ...." *Spargo v. N.Y. Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir.2003) (noting also that "*Younger* is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity") (citing to *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir.2002)). "*Younger* generally prohibits courts from 'taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings' so as to avoid unnecessary friction." *Id.* at 75 (citing to *Diamond*, 282 F.3d at 198); *see also Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir.1994) (*Younger* "is based on the premise that ordinarily a state proceeding provides an adequate forum for the vindication of federal constitutional rights ...."). Although *Younger* abstention was developed to prohibit a federal court's interference with an ongoing state criminal proceeding, it has since been extended to civil cases. *Huffman v. Pursue*, 420 U.S. 592, 604, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *see also Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977).

Abstention under *Younger* and its progeny follows a prescribed formula. A federal court must refrain from hearing

a federal constitutional claim when (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for federal judicial review of his federal constitutional claims. *Spargo*, 351 F.3d at 75. The Second Circuit, relying on the statements of the Supreme Court, has instructed that:

"[U]nless state law clearly bars the interposition of the constitutional [or federal] claims," and "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). *Younger* itself explained that exceptions to abstention should be made only on a "showing of bad faith, harassment, or ... other unusual circumstance." *Younger*, 401 U.S. at 54, 91 S.Ct. 746.

*Kirschner v. Klemons*, 225 F.3d 227, 233–34 (2d Cir.2000). Additionally, if a court finds that abstention is proper, it may dismiss the case, or otherwise, stay the proceedings pending a resolution of the state court action.

### 2. Commission and Tembeckjian

Defendants claim the Court should abstain from hearing the action against the Commission and Tembeckjian because of the ongoing proceeding involving Justice Spargo before the Commission, citing *Spargo*, 351 F.3d at 75. Def. Memo. (Dkt. No. 7) at 11. However, just because *Younger* was applicable in *Spargo* does not mean that it will similarly apply to the case at hand. *See, e.g. Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928–29, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) (concluding that each federal plaintiff must be considered separately, and cannot be "automatically thrown into the same hopper for *Younger* purposes," even though some factual and legal considerations may be the same for all plaintiffs).

Plaintiff claims that *Younger* abstention should not apply because Kunz is not party to any pending state court proceeding. Kunz Memo. (Dkt. No. 9) at 28. That Kunz is not a party to the proceeding before the Commission is relevant, but not dispositive. *Younger* abstention has been applied to plaintiffs who are not directly involved in any ongoing state court proceeding. *See, e.g. Spargo*, 351 F.3d at 82. Merely seeking the same relief, though, is insufficient in the absence of "factors indicating that the plaintiffs' interests are legally interwoven or interconnected." *Id.* at 83. For example, in *Spargo*, the claim of the third-party plaintiffs to which *Younger* was applied involved derivative First Amendment rights. *Id.* Those plaintiffs claimed that their constitutionally protected interest was in receiving political speech from judges. Because the First Amendment rights of a listener are derived from the speaker, the Second Circuit applied *Younger* to bar their claims in light of Justice Spargo's proceeding before the Commission. *Id.* at 84.

The circumstances of this case do not warrant a similar conclusion. Kunz is seeking vindication of constitutional rights that are completely independent of the rights of Justice Spargo. Kunz contends that it is a violation of his due process rights to be subject to the jurisdiction of the Commission, and a violation of his right to free association to be forced to represent Justice Spargo. Complaint (Dkt. No. 1) at ¶ 2. These interests are entirely different from and independent of any Sixth Amendment right of Justice Spargo. Even though the claims arise from the same factual circumstances and seek the same relief, Kunz's legal interests

cannot be said to be intertwined with Justice Spargo's Sixth Amendment interests, making *Younger* inapplicable to the proceeding before the Commission.

Moreover, an injunction in this case does not interfere with the Commission's proceedings. Although they are not permitted to exercise jurisdiction over Kunz, that is not necessary to their moving forward with the proceedings against Justice Spargo. The Commission conceded at the hearing that Justice Spargo is permitted to proceed *pro se*. In fact, the contention made by the Commission at the hearing before this Court that an injunction would halt Commission proceedings is contradicted by the fact that the proceedings have continued as evidenced by the January 20, 2005 hearing.

### 3. OCA and Justice Plumadore

Defendants also contend that *Younger* abstention bars this Court from enjoining enforcement of the January 4 Order.

■ Although there is not currently an ongoing state proceeding related to the January 4 Order, that does not end the matter. A Court may abstain under the principles of comity and federalism when, even though the *Younger* requirement that there be an ongoing state proceeding is not met, "the equitable relief sought would inappropriately require the federal court to supervise institutions central to the state's sovereignty." *Miller v. Silbermann*, 951 F.Supp. 485, 491–91 (S.D.N.Y. 1997) (citing *O'Shea v. Littleton*, 414 U.S. 488, 500–502, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). "A federal court should not intervene to establish the basis for future intervention that is so intrusive and unworkable." *O'Shea*, 414 U.S. at 500, 94 S.Ct. 669.

■ The January 4 Order assigned Kunz's proposed Article 78 proceeding, as well as "any other proceeding arising out of or relating to the [proceeding]" to Justice Colabella. Def. Memo. (Dkt. No. 7) at 6. A preliminary injunction enjoining the January 4 Order would interfere with any future state proceeding arising out of the proceedings against Justice Spargo or Kunz. Such an injunction would require the Court to supervise the OCA and Justice Plumadore in the process of judicial assignments for future proceedings before the New York State courts, an inappropriate role for this Court. The direct involvement in the administration of state courts by a federal court that this injunction would demand is precisely the kind of interference that "*Younger v. Harris,* supra, and related cases sought to prevent." *O'Shea,* 414 U.S. at 500, 94 S.Ct. 669. Thus, under the principles of *Younger* as developed in *O'Shea,* the Court will abstain from deciding this claim, leaving only the claims against the Commission and Tembeckjian.

## B. Preliminary Injunction

### 1. Standard

■ The Court may grant preliminary injunctive relief when the moving party has demonstrated: "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Int'l Dairy Foods Ass'n v. Amestoy,* 92 F.3d 67, 70 (2d Cir.1996) (citations omitted); *see Genesee Brewing Co. v. Stroh Brewing Co.,* 124 F.3d 137, 142 (2d Cir. 1997). However, when a party seeks to enjoin government action, that party must satisfy the more rigorous standard of likelihood of success on the merits. *No Spray Coalition v. City of New York,* 252 F.3d 148, 150 (2d Cir.2001).

## 2. Irreparable Harm

 An irreparable harm is a harm for which "a monetary award cannot be adequate." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979) (citing *Studebaker Corp. v. Gittlin,* 360 F.2d 692, 698 (2d Cir.1966); *Foundry Servs., Inc. v. Beneflux Corp.,* 206 F.2d 214, 216 (2d Cir.1953)). The Second Circuit has noted that "when an alleged deprivation of a constitutional right is involved, ... no further showing of irreparable injury is necessary." *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir.1984). Each of Kunz's allegations concerns the infringement of a constitutional right. Kunz claims that the Commission and Tembeckjian are violating his Fifth and Fourteenth Amendment rights to due process by asserting jurisdiction over him when they have no authority to do so, and his First Amendment rights to free association by forcing him to represent Justice Spargo until such time that they allow him to cease representation.[3] Complaint (Dkt. No. 1) at ¶¶ 61, 64. Because the "alleged violation of a constitutional right triggers a finding of irreparable injury," Kunz satisfies this first element for each of his claims. *Conn. Dep't of Envtl. Prot. v. OSHA,* 356 F.3d 226, 231 (2d Cir.2004).[4]

## 3. Likelihood of Success on the Merits

In order to compel Kunz to appear before it, the Commission must have personal jurisdiction over him. *See, e.g., Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Kunz claims that the Commission lacks jurisdiction over him because he is not currently representing Justice Spargo before the Commission, as he was substituted for in August 2004. Kunz Memo. (Dkt. No. 9) at 16–17. Defendants claim that Kunz attempted to withdraw, and such a withdrawal is not effective until approved by the Commission. Def. Memo. (Dkt. No. 7) at 18–19.[5]

The Commission is an administrative body of limited jurisdiction. *See* N.Y.JUD. LAW §§ 41–48. It has the authority to investigate and hold hearings regarding any judge or judicial candidate. *Id.* at § 44. It also has authority to supervise the attorneys who practice before it. *See, e.g.,* 22 N.Y.C.R.R. § 7000.6(n). Because

3. Defendants asserted in the hearing that Kunz is suffering no injury because the Commission has not ruled upon whether Kunz would be allowed to end his representation of Justice Spargo. This is completely at odds with the actions taken by the Commission. The Commission has asserted that until they rule, they consider Kunz to be Justice Spargo's attorney. Further, as a motion is before the Commission to determine whether Kunz must continue to represent Justice Spargo, they are clearly asserting jurisdiction over Kunz in this matter. Therefore, Kunz has sufficiently alleged current injury at the hands of the Commission and Tembeckjian.

4. The Commission argues that Kunz is not currently suffering any injury at all and therefore lacks standing, claiming that any violation of his rights is merely speculative. However, as the Commission demands that Kunz represent Justice Spargo until it approves otherwise and are requiring him to go before the Commission to get that approval, Kunz alleged injury is occurring presently.

5. The Commission conceded at the hearing that if Justice Spargo explicitly discharged Kunz, such a discharge would be respected and there would be no further proceedings for Kunz before the Commission. New York State considers substitutions pursuant to § 321(b) to be a form of discharge. *See, e.g., Aiello v. Adar,* 193 Misc.2d 649, 750 N.Y.S.2d 457, 461 (N.Y.Sup.Ct.2002) (stating that "for a change of attorney to take effect during an action, the parties must comply with the mode of *discharge* prescribed by [§ 321(b) ]") (emphasis added). Therefore, the Commission's refusal to consider the "Consent to Change Attorneys" form a discharge appears to be at odds with applicable law.

Kunz is neither a judge nor a judicial candidate, the Commission only has jurisdiction over Kunz if he is an attorney currently practicing before it. Kunz claims that his representation of Justice Spargo ended at the moment that the "Consent to Change Attorneys" was filed with the clerk. The Commission contends that Kunz is still Justice Spargo's attorney, and will continue to be until the Commission allows him to withdraw.

Withdrawal of an attorney appearing before the Commission is governed by 22 N.Y.C.R.R. § 7000.6(n), which states that "[f]ollowing the appearance of counsel representing a judge in any matter before the commission, at any stage of the proceeding, such counsel may not withdraw as counsel in the matter without the permission of the commission." The N.Y.C.R.R. is silent as to the procedure regarding substitution. The procedure governing substitution provided for in § 321(b)(1) of the C.P.L.R., which states that " ... an attorney of record may be changed by filing with the clerk a consent to the change signed by the retiring attorney and signed and acknowledged by the party." N.Y. C.P.L.R. § 321(b)(1) ("§ 321(b)(1)"). In the absence of a rule regarding substitution for the Commission, this provision of the CPLR should apply, and at no point have Defendants disputed that this rule on substitution is applicable to the Commission.

Defendants instead assert that, because Justice Spargo, Kunz, and Jones all knew that Jones had a conflict that would have precluded him from representing Justice Spargo before the Commission[6], the attempted substitution was really a functional withdrawal. Further, they claim authority to approve the change in attorneys because it was done only days before a hearing was set to commence.[7]

■ Justice Spargo and Kunz clearly followed the procedure set forth for substitution, and there is no exception for attorneys of questionable eligibility or untimely substitutions. The form, entitled "Consent to Change Attorneys" and signed by Justice Spargo and Kunz, states that "It is hereby consented that [Jones] be substituted as attorneys [sic] of record for the undersigned party in the above-entitled action in place and stead of the undersigned attorneys as of the date hereof." Consent (Dkt. No. 9) at 1. The Commission does not contend that the filing of this form with the clerk was not in accordance with the dictates of § 321(b)(1). Substitution under the CPLR does not require approval from the judicial body before which the attorneys appear. At the moment the consent is filed in compliance with § 321(b)(1), the substitution takes effect. There is no indication in the case law or the statute that a possible conflict with the new attorney or the timing of the substitution changes this procedure.

■ Furthermore, following the filing of the "Consent to Change Attorneys" form, Jones actually proceeded to represent Justice Spargo in the Article 78 proceeding. As a party in the proceeding, the Commission and Tembeckjian had the opportunity to object to Jones' representation of Justice Spargo, but did not do so. They allowed Jones to act as Justice Spargo's counsel completely unopposed for several months, and only now seek to reach back and force Kunz to resume representation that had ceased in August 2004.

---

6. Although Jones ultimately was disqualified by the Commission from representing Justice Spargo, that occurred on January 20, 2005, months after the "Consent to Change Attorneys" was filed.

7. Defendants point to no proceeding that was delayed as a result of Justice Spargo's change in counsel.

The disqualification of a new attorney, though, does not reactivate the attorney-client relationship with a previous attorney. Justice Spargo is permitted to proceed *pro se* or to hire another attorney, but the Commission is not entitled to choose his attorney for him.

Finally, the position taken by the Defendants would frustrate the purposes of the New York State Legislature in the fashioning of these rules. The policy reason for § 321(b) was to ensure certainty regarding the precise point in time that a change or withdrawal takes effect when it occurs during the course of an action, to ensure procedural regularity and fairness to all parties. *In re Seventh Judicial Dist. Asbestos Lit.,* 1 Misc.3d 279, 764 N.Y.S.2d 168, 173 (N.Y.Sup.Ct.2003). A Commission-made exception requiring some substitutions with consent to occur at the moment the consent form is filed, while leaving others subject to court approval, is clearly at odds with legislative intent.

Because Justice Spargo and Kunz executed a substitution of attorneys in accordance with the dictates of § 320(b)(1), Kunz should no longer be considered Justice Spargo's legal representative. Moreover, the Commission and Tembeckjian recognized Jones (not Kunz) as Justice Spargo's attorney during the Article 78 proceeding without objection. If Kunz is not Justice Spargo's attorney, the Commission should not have authority to exercise personal jurisdiction over him, and an attempt to exercise such jurisdiction would be in violation of Kunz's due process rights. *See, e.g., Ins. Corp. of Ireland,* 456 U.S. at 703, 102 S.Ct. 2099. Therefore, Kunz has shown the likelihood of success on the merits.

### C. Spargo is not a Necessary Party

Defendants argue that Justice Spargo is a necessary and indispensable party pursuant to Federal Rules of Civil Procedure 19(a) or 19(b).

Rule 19(a) governs the joinder of necessary parties:

> A person ... whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if ... the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest ....

FED. R. CIV. P. 19(b).

 Defendants claim that Justice Spargo has an interest in this action because the disposition may determine whether Kunz or some other attorney will represent him before the Commission. Even if Justice Spargo does have an interest in this litigation, his interests are adequately represented by Kunz. Justice Spargo has proceeded with Jones as his legal representative, and has not indicated any desire to reemploy Kunz, even after the disqualification of Jones. In this action, Kunz claims to no longer represent Justice Spargo. Justice Spargo would likely make the similar legal argument that the substitution was effective upon compliance with § 320(b)(1). Because his interests are adequately represented, it cannot be said that his ability to protect his interest will be impaired or impeded by his absence. *See, e.g., Nat'l Union Fire Ins. Co. v. Mason, Perrin, & Kanovsky,* 709 F.Supp. 411, 414 (S.D.N.Y.1989).

Because Justice Spargo is not a necessary party under Rule 19(a), he cannot be an indispensable party under Rule 19(b). *Jonesfilm v. Lion Gate Int'l,* 299 F.3d 134, 142 (2d Cir.2002).

## IV. Conclusion

Based on the foregoing discussion, it is hereby

ORDERED, that Kunz's request for a preliminary injunction enjoining the Commission and Tembeckjian from exercising or attempting to exercise jurisdiction over Kunz in the pending matter before the Commission involving Justice Spargo is **GRANTED**; and it is further

ORDERED, that Kunz's request for a preliminary injunction enjoining Justice Plumadore and the OCA from enforcing the January 4, 2005 Order is **DENIED**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.