ARTHUR M. BURKE, JR., et al., as Administrators of the Estates of ARTHUR M. BURKE, SR., et al., Deceased, et al., Respondents, v NATIONWIDE INSURANCE COMPANY, Appellant. — Levine, J. Appeal from an order of the Supreme Court at Special Term (Swartwood, J.), entered February 14, 1984 in Tompkins County, which, *inter alia,* conditionally denied defendant's motion for summary judgment dismissing the complaint. .

The homeowner's insurance policy which is the subject of the instant action was issued by defendant to Patrick Burke and his wife in March 1978, insuring a dwelling and its contents at 407 Second Street in the City of Ithaca. The insurance application indicated that the property had been inherited from. Patrick Burke's mother. In November 1979, the insured property was destroyed by fire. After receiving due notice and proof of loss, defendant promptly paid Patrick Burke and his wife for their personal property destroyed in the fire. Defendant, however, held up payment on the loss of the building because the named insureds were not the owners of record. Title was actually in the name of Patrick Burke's father, Arthur M. Burke, Sr. He occupied the house with his common-law wife, Ruth, and their seven children until he died intestate in 1966. Ruth Burke continued to reside there as various children grew up and left home until, at the point of her death in 1977 (also intestate), only she, Patrick Burke and his wife occupied the premises.

Following their mother's death, disputes arose among the Burke children concerning their right to inherit from both parents and over the administration of the estates. This resulted in a delay in the issuance of letters of administration covering the estates until July 1982. By this time, defendant had indicated its refusal to pay the loss and this action was commenced by the administrators of both estates to recover the policy proceeds. Defendant answered, interposing two affirmative defenses: (1) that plaintiff administrators were not named insureds and therefore cannot recover under a policy issued to Patrick Burke and his wife, and (2) that the action was not commenced within the two-year period of limitations from the date of the loss set forth in the policy (*cf.,* Insurance Law § 3404).

Defendant then moved for summary judgment based upon these defenses and plaintiffs cross-moved for the same relief. Special Term denied both applications. It initially held that, irrespective of the estates' insurable interest in the covered premises, their not having been named insureds was fatal to the

administrators' present suit to recover under the policy. Special Term further held, however, that the papers submitted by plaintiffs in opposition to defendant's motion set forth evidentiary facts which could support an action for reformation of the policy if brought on behalf of Patrick Burke, his wife and the remaining distributees of the two estates. Furthermore, Special Term ruled that there were factual and legal issues regarding whether the policy's period of limitation on suits would commence to run until representatives of the two estates had been appointed and whether, in any event, defendant was estopped from asserting the limitation period as a defense. For these reasons, Special Term denied defendant's motion for summary judgment, without prejudice to renewal, conditioned on the prompt service of an amended complaint within 20 days setting forth a cause of action for reformation of the policy and bringing in the appropriate additional parties. This appeal by defendant ensued.

Assuming, arguendo, that plaintiffs' papers in opposition to defendant's motion set forth facts in evidentiary form upon which reformation of the policy could be granted, Special Term was correct in conditionally denying summary judgment despite the failure of plaintiffs to have pleaded such a cause of action or requested that relief in the original complaint. In *Alvord & Swift v Muller Constr. Co.* (46 NY2d 276), the Court of Appeals addressed the question of whether summary judgment may be granted to a defendant where the plaintiff, in its submissions, made out a cause of action not contained in its pleadings. The court held that "[m]odern principles of procedure do not permit an unconditional grant of summary judgment against a plaintiff who, despite defects in pleading, has in his submissions made out a cause of action" (*supra,* at 279; *see also, Auto Body Federation v Lewis,* 80 AD2d 593).

Accepting as we must for summary judgment purposes the truth of plaintiffs' averments, we concur in Special Term's conclusion that an arguably valid claim for reformation was spelled out. The affidavit of Patrick Burke states that prior to his mother's death, he entered into an agreement with her and his siblings to purchase the insured property by paying each of them $1,000 and permitting his mother to occupy the second floor free for life. Patrick Burke further averred that he first procured insurance on the premises in 1976, while his mother was still living, in order to obtain a mortgage to complete the purchase agreement; that at the time, he told defendant's agent of the purchase arrangement; that the 1978 policy in effect at the time of the loss was a renewal of the original policy through the same agent; and that, both initially and at the time of the

policy renewal, the agent was informed that he (Patrick Burke) had not yet acquired title. Thus, on the basis of Patrick Burke's affidavit, defendant's agent was put on either inquiry or actual notice of the ownership status of the premises and accepted premiums from Patrick Burke for coverage of the full value of the premises. There is no question that the insured premises were accurately identified in the policy, and defendant has not contended that it would not have insured the risk had the application for the policy been made in the name of the Burke parents' estates or on behalf of all of the estates' distributees. These circumstances, if believed, would justify reformation to correct the mutually mistaken identification of the insureds in the policy (*Union Sta. Rest. v North Am. Co.,* 59 AD2d 270, 275; *Kaminski v Zurich Ins. Co.,* 49 AD2d 1017, 1018; *Court Tobacco Stores v Great Eastern Ins. Co.,* 43 AD2d 561, 562; 17 Couch, Insurance Law § 66:56, at 339 [2d ed 1983]; Ann., 25 ALR3d 580, 612-613).

Special Term was equally correct in refusing to dismiss plaintiffs' action for their failure to initiate it within the policy's period of limitations. The affidavits of Patrick Burke and of an attorney for the estate, regarding their discussions with defendant's claims representative, set forth sufficient facts from which it could be inferred that defendant's representatives led them to believe that it was not disputing the claim and that it would unconditionally pay on the loss as soon as the dispute over the proper payees were resolved among the distributees. Thus, triable issues were created concerning the possibility of defendant's waiver of the time limitation and whether it should be equitably estopped from raising that defense (*Mass v Great Am. Ins. Co.,* 28 AD2d 897).

For the foregoing reasons, Special Term's order should be affirmed.

Order affirmed, with costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.