■ KENT CENTRE ASSOCIATES, Appellant, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent.—In an action to recover damages, *inter alia,* for breach of an insurance contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Putnam County (Dickinson, J.), dated January 26, 1987, which granted that branch of the defendant's motion which was for summary judgment, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

By its first cause of action, the plaintiff seeks to recover approximately $75,000 claimed to be due pursuant to a multi-peril policy issued by defendant covering premises used as a shopping center which the plaintiff acquired in May 1983. By its second cause of action, the plaintiff seeks compensatory and punitive damages on account of the defendant's alleged unfair claim settlement practices with regard to the plaintiff's claim and the claims of other insureds.

By the policy issued to the plaintiff, the defendant agreed to, *inter alia,* insure buildings and structures against "all risks of direct physical loss subject to the provisions and stipulations herein". Among the items of property not covered were "retaining walls not constituting a part of a building". Specifically excluded were losses caused by "wear and tear, deterioration * * * [or] inherent or latent defect". Notwithstanding that the basis for valuation of any loss was the "amount which it would cost to repair or replace the property with material of like kind and quality", the amount sought in the first cause of action represents the costs of replacing a retaining wall made of stacked railroad ties with one made of porous stone and galvanized wire. Atop the retaining wall runs a guide rail, originally made of wood, used to mark a paved driveway, underneath which is, *inter alia,* a holding tank for a building's septic sewage. The retaining wall itself is separated from the building by the width of the driveway. The plaintiff claims that replacement of the retaining wall was necessary because of damage allegedly caused when a vehicle

or vehicles struck the guide rail at some time or times in 1984, which the plaintiff was unable to specify, about which the plaintiff presented no direct evidentiary material and about which it had no direct knowledge.

The record establishes that the retaining wall was not a "part of a building", notwithstanding its proximity to a holding tank which serviced a building. The defendant was therefore not obligated to reimburse the plaintiff for the loss claimed, regardless of its cause. In any event, the record also establishes that the retaining wall was both deteriorating and inherently defective. The plaintiff's predecessor in title was advised by the governing municipality to have the wall either replaced or evaluated by a professional engineer as to its adequacy. Shortly after it acquired title, the plaintiff was similarly advised at least twice to replace the wooden guide rail and to replace the retaining wall or obtain certification of its adequacy as well as its "useful remaining life". In December 1983 the plaintiff was served with notice of violation of the municipality's ordinances, and ordered to remedy "these unsafe conditions". It is clear that the conditions necessitating the wall's replacement both predated the effective date of the policy and were excluded from its coverage.

The Supreme Court properly determined that no triable issues of fact exist. Moreover, since Insurance Law § 2601 does not afford an allegedly aggrieved party a private right of action, the plaintiff's second cause of action was also properly dismissed (see, Kurrus v CNA Ins. Co., 115 AD2d 593). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.