■ ROLANDE TELEMAQUE, Doing Business as TELEMAQUE'S, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.—In an action to recover the proceeds of a fire insurance policy, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered November 29, 1988, which granted the defendant's motion to dismiss the second, third and fourth causes of action asserted in the complaint, and which denied the plaintiff's cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

On appeal the plaintiff argues primarily one point: that the Supreme Court erred in denying the plaintiff an opportunity to seek punitive damages from the defendant. The plaintiff's demand for punitive damages is premised on its allegations that the defendant engaged in a pattern of unfair claim settlement practices. The courts have repeatedly recognized that since unfair claim settlement practices may be redressed by administrative action pursuant to the Insurance Law, there is no need to recognize private causes of action for punitive damages *(see, Roldan v Allstate Ins. Co.,* 149 AD2d 20; *Kent Centre Assocs. v Greater N. Y. Mut. Ins. Co.,* 139 AD2d 630; *Mavroudis v State Wide Ins. Co.,* 121 AD2d 433, 434; *Kurrus v CNA Ins. Co.,* 115 AD2d 593; *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315; *Cohen v New York Prop. Ins. Underwriting Assn.,* 65 AD2d 71). The Supreme Court was therefore correct in granting the defendant's motion to dismiss so much of the complaint as sought punitive damages, and in denying the plaintiff's motion for leave to serve an amended complaint. We have examined the plaintiff's remaining arguments and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.