■ LABERGE ENGINEERING & CONSULTING GROUP, LTD., as Successor to RONALD H. LABERGE, P.C., Appellant, v VILLAGE OF KEESEVILLE, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered May 10, 1990 in Clinton County, which granted defendant's cross motion for summary judgment dismissing the complaint.

In 1979, plaintiff and defendant executed an agreement obligating plaintiff to provide engineering planning services for a waste management facility to be located in the Village of Keeseville, Clinton County. A portion of the project was to be paid by grant moneys obtained from the State and Federal governments. Although plaintiff submitted periodic statements of services rendered, to which no objection was registered, defendant made no payments.

In February 1987, the State Department of Environmental Conservation notified defendant that only $26,792 of plaintiff's $59,594.21 bill constituted Federally allowable costs. Although defendant subsequently received the grant funds, it did not immediately pass them along to plaintiff; in fact, during the ensuing year defendant's Mayor repeatedly ignored plaintiff's persistent letters and telephone demands for payment.

After a February 1988 meeting of defendant's Board, the Mayor telephoned plaintiff and offered to pay the company $28,000 as full and final payment. In a letter response, plaintiff accepted the partial payment offer and outlined a proposed schedule for payment of the remaining balance. Thereafter, defendant initially refused to forward even the $28,000; how-

ever, in late September 1988, defendant finally sent plaintiff a check for $23,443. Plaintiff acknowledged receipt of the check, indicated that the amount had been applied to the outstanding balance and forwarded an updated bill. After receiving no response from defendant, plaintiff contacted the Mayor who, on November 30, 1988, advised William La Clair, plaintiff's business manager, that no further payment would be made.

Plaintiff filed a written verified claim on April 14, 1989 and served its summons and complaint on November 13, 1989. Defendant, in its answer, interposed affirmative defenses based upon plaintiff's alleged failure to timely serve its claim and complaint (see, CPLR 9802). Plaintiff moved to strike the affirmative defenses and for summary judgment; defendant cross-moved for summary judgment to dismiss the complaint as time barred. Supreme Court determined that payment had been rejected by March 14, 1988 and therefore dismissed the suit as untimely. Plaintiff appeals.

Defendant maintains that plaintiff failed to file its claim within 12 months and to commence its suit within 18 months after its cause of action accrued, as prescribed by CPLR 9802. Thus, the sole issue on this appeal is the date when defendant expressly or constructively refused to meet plaintiff's payment demands. Both sides submitted affidavits supporting their respective positions. Defendant argues that its unresponsiveness to plaintiff's recurrent demands for payment, which ultimately threatened suit, constitutes constructive rejection (see, City of New York v State of New York, 40 NY2d 659, 668-669). Additionally, it urges that, even if its inaction was insufficient to constructively apprise plaintiff that its payment demands were rejected, the Mayor's offer of $28,000 as payment in full represented an express rejection. Supreme Court agreed.

It is indisputable that plaintiff never meant to waive its judicial rights (see, supra, at 669); indeed, the evidence discloses repeated attempts by plaintiff to resolve nonjudicially what it obviously considered to be an ongoing dispute. Its written response to defendant's $28,000 offer supports plaintiff's contention that it viewed the offer as a proposal directed toward conciliation rather than an express refusal by defendant to fulfill its contractual obligation. That correspondence, dated March 14, 1988, reads in pertinent part:

"This letter will confirm [the Mayor's] telephone conversation with Bill LaClair at which time [the Mayor] advised that [defendant's] Board has agreed to pay twenty-eight thousand

dollars ($28,000.) as final payment of the Engineering Statement for the Wastewater Facility Plan. This check should be forwarded immediately as it is long over due. * * *

"The contract provides that [defendant] has the responsibility for *all engineering costs* as it pertains to services on the Wastewater Facility Plan.

"Our work was performed in good faith and with the authority of [defendant]. *We once again will make a final offer to [defendant]* in the amount of $60,108.14—that $28,000.00 be paid immediately and that $16,054.07 be paid by July 1, 1988 with the balance of $16,054.07 paid by July 1, 1989. Please note that we would be waiving approximately $30,000.00 in interest costs to which we are legally entitled per the terms of your agreement.

"Please honor the obligation of [defendant] so that this matter may be reasonably closed at minimum cost to [defendant's] taxpayers" (emphasis supplied).

Plaintiff also cogently notes that defendant acted inconsistently with its alleged articulated rejection. For example, the Mayor avers that he initially did not forward the $28,000 because plaintiff "was not willing to accept the payment as a final payment". Moreover, La Clair stated in an uncontradicted affidavit that, while attending a June 7, 1988 Mayor's conference, the Mayor requested that a future meeting be arranged with plaintiff "to discuss payment". It also appears that on August 25, 1988, the Mayor advised La Clair that defendant had received a $600,000 grant for waste completion and "that payment would be sent immediately". Shortly thereafter, the Mayor telephoned to request a copy of the sewer map plaintiff prepared and left a message stating that a check would be forthcoming. In late September 1988, long after the purported rejection, plaintiff received defendant's check for $23,443.

This subsequent activity by defendant presents, at a minimum, a question of fact as to whether the $28,000 offer was a settlement proposal or final rejection of payment. A triable material question of fact having been raised, summary judgment was inappropriate *(see, Blake-Veeder Realty v Crayford,* 110 AD2d 1007, 1008).

Judgment reversed, on the law, without costs, and defendant's cross motion for summary judgment denied. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.