■ PRESTON PORTER et al., Respondents-Appellants, v ALLSTATE INSURANCE COMPANY, Appellant-Respondent.—In an action to recover damages based on the breach of an insurance contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated July 26, 1990, as denied that branch of its motion which was to dismiss the second cause of action asserted in the complaint, and the plaintiffs cross-appeal from so much of the same order as granted the branch of the defendant's motion which was to dismiss the third cause of action asserted in the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Upon a motion to dismiss a complaint for failure to state a cause of action, a plaintiff must be given the benefit of every favorable inference to be drawn from the complaint *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634). The complaint should not be dismissed if the . factual allegations set forth therein indicate the existence of a cause of action *(see, Fleming v Allstate Ins. Co.,* 106 AD2d 426, *affd* 66 NY2d 638,

*cert denied* 475 US 1096). Viewed from this perspective, we hold that the factual allegations set forth in the second cause of action disclose a cause of action to recover damages for breach of contract and for consequential damages arising from a breach *(see, Fleming v Allstate Ins. Co., supra; Korona v State Wide Ins. Co.,* 122 AD2d 120). The case of *High Fashions Hair Cutters v Commercial Union Ins. Co.* (145 AD2d 465), relied upon by the defendant, is distinguishable, since that case involved a motion for summary judgment on a special multiperil policy covering a business which contained very different coverage language than the homeowner's policy herein, and the court specifically found that the insurer therein had "pursued a proper investigation of the [insured's] claim".

On the other hand, it is well settled that "[a] claim for punitive damages against an insurer is cognizable in New York only in circumstances where a plaintiff has made sufficient evidentiary allegations of ultimate facts of fraudulent and deceitful scheme in dealing with the general public as to imply a criminal indifference to civil obligations" *(Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569, 570; *Philips v Republic Ins. Co.,* 108 AD2d 845, *affd* 65 NY2d 1000; *Catalogue Serv. v Insurance Co.,* 74 AD2d 837; *Granato v Allstate Ins. Co.,* 70 AD2d 948; *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 321). The mere allegations of a breach of an insurance contract, "even a breach committed willfully, and without justification * * * [is] insufficient for recovery of punitive damages" *(Valis v Allstate Ins. Co.,* 132 AD2d 658, 659; *Catalogue Serv. v Insurance Co., supra).* Judged in accordance with the foregoing principles, the factual allegations contained in the third cause of action of the complaint were insufficient to support a claim for punitive damages. In any event, we note that a demand for punitive damages may not constitute a separate cause of action for pleading purposes *(see, Holoness Realty Corp. v New York Property Ins. Underwriting Assn., supra; Catalogue Serv. v Insurance Co., supra).* Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.