■ JEROLD WARHOFTIG et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [604 NYS2d 245] —In an action upon a homeowner's insurance policy to recover damages for losses incurred as a result of water damage, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Luciano, J.), entered April 30, 1991, which granted the defendant's motion to dismiss the complaint as time-barred by the two-year period of limitation set forth in the parties' insurance policy.

Ordered that the order is affirmed, with costs.

The plaintiffs suffered a casualty loss in June 1985. After several discussions and three visits to their premises by the defendant's representative between July and September 1985 there appears to have been no contact between these parties for more than three years. Thereafter, in late 1988 or early 1989, the plaintiffs retained an attorney who renewed discussions with the defendant. When settlement efforts fell through, this suit was commenced in or about July 1990. The defendant promptly moved to dismiss on the ground that the suit was time-barred. The Supreme Court granted the motion and we affirm.

On the record before us, it is clear that the defendant may not be estopped from asserting that the instant action is time-barred by the two-year period of limitation set forth in the subject insurance policy *(see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968; *see also, Culinary Inst. v Aetna Cas. & Sur. Co.,* 151 AD2d 638; *Krugman & Fox Constr. Corp. v Elite Assocs.,* 167 AD2d 514). The mere fact of some renewed communications or settlement negotiations between the plaintiffs and the defendant, both before and after the expiration of the period of limitation contained in the subject insurance policy, does not indicate that the defendant was waiving its contractual rights. "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" *(Frank Corp. v Federal Ins. Co., supra,* at 968; *see, Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820).

We find that the second and third causes of action asserted in the complaint fail to state a cause of action in any event.

Damages for severe mental and emotional distress by reason of the undue delay in processing a claim and the subsequent denial of payment are not recoverable in circumstances where the contract of insurance does not create a relationship out of which springs a duty to the plaintiff separate and apart from the contractual obligation (see, Fiore v State Farm Fire & Cas. Co., 135 AD2d 602). Nor are punitive damages privately recoverable for unfair claim settlement practices (see, Telemaque v New York Prop. Ins. Underwriting Assn., 162 AD2d 444; see also, Roldan v Allstate Ins. Co., 149 AD2d 20). Moreover, we note that a demand for punitive damages may not constitute a separate cause of action for pleading purposes (see, Porter v Allstate Ins. Co., 184 AD2d 685). Thompson, J. P., Balletta and O'Brien, JJ., concur.

Joy, J., concurs in part and dissents in part and votes to modify the order appealed from on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the first cause of action, and substituting therefor a provision denying that branch of the motion, and as so modified, to affirm the order appealed from, with the following memorandum, in which Miller, J., concurs. I concur in the analysis and conclusion of my colleagues that the second and third causes of action asserted in the complaint fail to state a cause of action. However, I would reinstate the first cause of action to recover damages sustained by the plaintiffs to their dwelling and personal property.

The defendant's claim adjuster visited the subject premises three times between June 1985, when the flooding damage occurred, and September 1985. After inspecting the damage on the initial visit, the adjuster, who was employed by the defendant, allegedly told the plaintiffs "I could give you a check right now but you will be losing a lot of money if I do that". He asked them to compile an itemized list of their damages and said he would return and settle their claim on that basis. The plaintiffs followed those instructions and submitted a list to the adjuster when he returned to their house in July. After the plaintiffs mailed a readjusted list to the defendant's adjuster in August 1985 he returned to the premises on September 1, 1985, allegedly informing them that he needed time to "evaluate the items so that he could work up a total amount incorporating the personal property and the structural damage so [that] he could settle the claim". While, as the majority points out, there appears to have been no further contact for three years, during which time the two-year period of limitation set forth in the insurance contract

expired, the record shows that the plaintiffs made numerous attempts to contact the adjuster in order to finalize the amount of the settlement check that the adjuster had stated they would receive.

I therefore conclude that a triable issue of fact exists as to whether the defendant should be estopped from invoking the period of limitation contained in its policy. The question of whether the conduct of the defendant's adjuster misled the plaintiffs into believing that nothing further was required of them, in that their claim would be settled, and thereby lulled the plaintiffs into inaction, permitting the period of limitation to expire before the defendant tendered an unacceptable settlement check, is properly one for the jury (see, LaBerge Eng'g & Consulting Group v Village of Keeseville, 169 AD2d 1021; Burke v Nationwide Ins. Co., 108 AD2d 1098; Presentation Tech. Aids v Employers' Ins., 105 AD2d 628; Graziane v National Sur. Corp., 102 AD2d 950; Mass v Great Am. Ins. Co., 28 AD2d 897).

Under these circumstances, I find that summary judgment in favor of the defendant with respect to plaintiffs' first cause of action is inappropriate.