■ JEREMIAH J. DORAN, JR., Appellant, v PETER F. COHALAN et al., Respondents. (Action No. 1.) TRICOM SYSTEMS, INC., Appellant, v PETER F. COHALAN et al., Respondents. (Action No. 2.) [668 NYS2d 894] —In two jointly tried actions to recover damages for defamation, the plaintiffs in Action No. 1 and Action No. 2 appeal from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), entered November 22, 1994, which granted the motions of the defendants in Action No. 1 and Action No. 2 to set aside the jury verdicts in both actions in favor of the plaintiffs and denied the plaintiffs' motions to reinstate the verdicts, and (2) a judgment of the same court entered January 9, 1995, in favor of the defendants in Action No. 1 and Action No. 2 and against the plaintiffs in Action No. 1 and Action No. 2.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

It was undisputed that statements incorporated into a Newsday article dated February 11, 1983, made by the defendant Joseph Caputo, as comptroller of Suffolk County, regarding a one million dollar contract between the plaintiff Tricom

Systems, Inc. and Suffolk County, were protected by a qualified privilege (*see, Hirschhorn v Town of Harrison,* 210 AD2d 587, 588; *ATN Marts v Ireland,* 195 AD2d 959). As such, to prevail in a defamation suit, the plaintiffs would have to prove with " 'convincing clarity' 'that the statement was made with "actual malice"—that is, with knowledge that it was false or with reckless disregard of whether it was false' " (*Prozeralik v Capital Cities Communications,* 82 NY2d 466, 474, quoting *New York Times Co. v Sullivan,* 376 US 254, 285-286, 279-280). Since Caputo did not know his statements to be false, the plaintiffs' claims rested upon proof of a reckless disregard of whether they were false (*see, Sweeney v Prisoners' Legal Servs.,* 84 NY2d 786, 792).

There is "simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion" that Caputo's statements were made with a reckless disregard of the truth (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see, Sweeney v Prisoners' Legal Servs., supra*). Accordingly, the court properly granted the defendants' motions to set aside the jury verdicts in favor of the plaintiffs and awarded judgment in favor of the defendants. O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.