■ ORFEO CICCHETTI, Appellant, v GENERAL ACCIDENT INSURANCE COMPANY OF NEW YORK, Respondent. [708 NYS2d 883] —In an action, *inter alia,* to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 28, 1999, which denied his motion to compel the defendant to comply with certain discovery requests and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint. Dismissal of the first cause of action was proper since there was no evidence that the plaintiff sustained damages as a result of the defendant's alleged breach of the implied covenant to act in good faith (*cf., Porter v Allstate Ins. Co.,* 184 AD2d 685; *Flem-*

*ing v Allstate Ins. Co.,* 106 AD2d 426, *affd* 66 NY2d 638, *cert denied* 475 US 1096). Dismissal of the second cause of action was also proper since Insurance Law § 2601 does not afford an allegedly aggrieved party a private right of action (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308; *Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603). The plaintiff has no cognizable claim for punitive damages under common-law principles (*see, New York Univ. v Continental Ins. Co., supra*). Moreover, there is no underlying cause of action upon which a demand for punitive damages could be grounded (*see, Rocanova v Equitable Life Assur. Socy., supra*).

The plaintiff's remaining contention is without merit. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.