■ FRED K. LORENTZEN, Plaintiff, v W. ROBERT CURTIS et al., Defendants and Third-Party Plaintiffs-Appellants. HOME INSURANCE COMPANY et al., Third-Party Defendants-Respondents. [720 NYS2d 402] —In an action to recover damages for legal malpractice, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), entered November 23, 1999, as granted that branch of the motion of the third-party defendants which was to dismiss the second cause of action in the second amended third-party complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contention, the Supreme Court

properly dismissed the second cause of action in the second amended third-party complaint. The appellants failed to state a cause of action alleging either tortious interference with contract (*see, Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424), or tortious interference with a prospective business advantage (*see, Moorman v Huntington Hosp.,* 271 AD2d 585; *Mandelblatt v Devon Stores,* 132 AD2d 162). Furthermore, to the extent that the appellants' cause of action alleging tortious interference is actually a claim of unfair settlement practices by the respondents no private cause of action exists (*see,* Insurance Law § 2601; *Rocanova v Equitable Life,* 83 NY2d 603; *Cicchetti v General Acc. Ins. Co.,* 272 AD2d 500).

We decline to impose sanctions against the appellants (*see,* 22 NYCRR 130-1.1 [c]). S. Miller, J. P., McGinity, Feuerstein and Smith, JJ., concur.