■ CROWN FIRE SUPPLY CO., INC., Respondent, v NEAL CRONIN et al., Appellants, et al., Defendants. [761 NYS2d 495] —In an action, inter alia, to recover damages for defamation, the defendants Neal Cronin, Malverne Fire Department, and Village of Malverne appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered May 8, 2002, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a cause of action for punitive damages against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, that branch of

the plaintiff's cross motion which was for leave to amend the complaint to assert a cause of action for punitive damages against the appellants is denied, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

In support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the appellants, Neal Cronin, Malverne Fire Department, and Village of Malverne, demonstrated a prima facie entitlement to judgment as a matter of law by proffering evidence that the allegedly defamatory statements were protected by a qualified privilege (*see Liberman v Gelstein,* 80 NY2d 429 [1992]; *Doran v Cohalan,* 243 AD2d 602 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact that the statements were made with malice (*see Liberman v Gelstein, supra; Doran v Cohalan, supra*). Thus, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Moreover, that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a cause of action for punitive damages against the appellants should have been denied, since no separate cause of action for punitive damages lies for pleading purposes (*see Vanguard Equip. Rentals v Cab Assoc.,* 288 AD2d 306 [2001]), and, in any event, there is no basis, under the circumstances of this case, for an award of punitive damages to the plaintiff (*see Trinkle v Cordisco,* 228 AD2d 433 [1996]). Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.