■ DOUGAL PAISLEY et al., Respondents, v COIN DEVICE CORPORATION et al., Appellants, et al., Defendant. [773 NYS2d 582]—

In an action, inter alia, to recover damages for malicious prosecution, etc., the defendants Coin Device Corporation, Biju Thomas, and Brian Gibbons appeal, as limited by their brief,

from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated December 18, 2002, as denied those branches of their motion pursuant to CPLR 3211 (a) (7) which were to dismiss the causes of action to recover damages for malicious prosecution, wrongful termination, negligence, and loss of consortium, and the claim for punitive damages insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the causes of action to recover damages for malicious prosecution, wrongful termination, negligence, and loss of consortium, and the claim for punitive damages are granted, the complaint is dismissed in its entirety insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiffs Dougal Paisley and Rohan Christie were employees of the defendant Coin Device Corporation (hereinafter Coin). The duties of Paisley and Christie included delivering and retrieving currency to and from financial institutions. On September 18, 2000, Coin discovered that approximately $15,500 was missing from money that Paisley and Christie retrieved from a bank in the course of their employment at Coin. The defendants Biju Thomas and Brian Gibbons conducted an investigation on behalf of Coin regarding the missing money. Thereafter, Thomas signed a criminal complaint in connection with the incident, and Paisley and Christie were arrested. Although the charges were ultimately dismissed, Paisley and Christie were terminated from their employment at Coin.

Paisley, his wife, and Christie commenced this action, inter alia, to recover damages for false arrest, false imprisonment, malicious prosecution, wrongful termination, negligence, and loss of consortium. The appellants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted only those branches of their motion which were to dismiss the causes of action to recover damages for false arrest and false imprisonment insofar as asserted against them, and otherwise denied the motion. We reverse insofar as appealed from.

The Supreme Court should have dismissed the cause of action to recover damages for malicious prosecution insofar as asserted against the appellants. "It is well settled in this State's jurisprudence that a civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed,

will not be held liable for . . . malicious prosecution" (*Du Chateau v Metro-N. Commuter R.R. Co.,* 253 AD2d 128, 131 [1999]; *see O'Connell v Luebs,* 264 AD2d 385 [1999]). Here, the appellants merely provided information to the police. The decision to arrest and charge Paisley and Christie was made solely by the police.

The Supreme Court also should have dismissed the cause of action to recover damages for wrongful termination. Paisley and Christie conceded that they were "at-will" employees of Coin. Thus, they have no viable cause of action to recover damages for wrongful termination (*see Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300-302 [1983]).

The Supreme Court also should have dismissed the cause of action to recover damages for negligence as barred by the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *Burlew v American Mut. Ins. Co.,* 63 NY2d 412, 416 [1984]; *Maas v Cornell Univ.,* 253 AD2d 1 [1999], *affd* 94 NY2d 87 [1999]).

We note that no separate cause of action for punitive damages lies for pleading purposes (*see Crown Fire Supply Co. v Cronin,* 306 AD2d 430, 431 [2003]). Thus, the Supreme Court also should have dismissed the plaintiffs' claim for punitive damages.

Finally, since the cause of action to recover damages for loss of consortium is derivative in nature, the dismissal of the primary causes of action also necessitates dismissal of the loss of consortium cause of action insofar as asserted against the appellants (*see Holmes v City of New Rochelle,* 190 AD2d 713, 714 [1993]). Smith, J.P., Luciano, Adams and Rivera, JJ., concur.