SUMMARY ORDER
Familiarity is assumed as to the facts, the prior proceedings and the procedural context.
Plaintiff -Appellant Thomas A. Martin, pro se, sued Defendants-Appellees Lois E. Dickson, Marc. S. Ehrlich, and Keith G. Flint, claiming that defendants conspired to deprive him of his lien of $36,715.18 on certain property in Columbia County, New York. He alleged three causes of action in the complaint: (1) conspiracy to commit fraud, (2) fraud, and (3) punitive damages. Defendants moved to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure (“Rules”) 12(b)(1) and 12(b)(6). In a Decision and Order dated January 11, 2003, the district court granted those motions and subsequently denied plaintiffs motion for reconsideration, made pursuant to Rule 60(b), on August 5, 2003. Martin v. Dickson, et al., No. 02 cv. 927 (N.D.N.Y. Aug. 5, 2003) (TJM). Plaintiff appeals only from the denial of his motion for reconsideration of the district court’s January 11, 2003 Decision and Order.[2]
We review the district court’s denial of a motion for reconsideration pursuant to Rule 60(b) for abuse of discretion. Lawrence v. Wink (In re Lawrence), 293 F.3d 615, 623 (2d Cir.2002); Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir.1986). “A court abuses its discretion when its decision rests on a legal error or a clearly erroneous factual finding, or when its decision does not fall within the range of permissible decisions.” RJE Corp. v. Northville Industries Corp., 329 F.3d 310, 316 (2d Cir.2003) (citing Monegasque De Reassurances S.A.M. v. NAK Naftogaz of Ukraine, 311 F.3d 488, 498 (2d Cir.2002)).
I. The Rule 60(b) Motion
This court may affirm a denial of a motion for reconsideration on any grounds supported by the record. Boy Scouts of Am. v. Wyman, 335 F.3d 80, 90 (2d Cir.2003). Therefore, assuming arguendo that the district court erred in holding that it lacked subject matter jurisdiction over the claims in the complaint, Martin v. Dickson. et al., No. 02 Civ. 927 (N.D.N.Y. Jan. II, 2003) (TJM), the district court did not err in denying the motion for reconsideration because the complaint was properly dismissed.
*16 Plaintiffs first and third causes of action for conspiracy to defraud and for punitive damages were properly dismissed. There is no cause of action in New York for “conspiracy to defraud.” See Romano v. Romano, 2 A.D.3d 430, 767 N.Y.S.2d 841, 842 (2d Dep’t 2003) (“[A] cause of action sounding in civil conspiracy cannot stand alone, but stands or falls with the underlying tort.”). Thus, the first cause of action was properly dismissed.
Plaintiffs third cause of action for punitive damages was also properly dismissed; there is no separate cause of action in New York for punitive damages. Paisley v. Coin Device Corp., 5 A.D.3d 748, 773 N.Y.S.2d 582, 583 (2d Dep’t 2004) (“We note that no separate cause of action for punitive damages lies for pleading purposes.”) (citing Crown Fire Supply Co. v. Cronin, 306 A.D.2d 430, 431, 761 N.Y.S.2d 495, 496 (2d Dep’t 2003)).
Plaintiffs second cause of action for fraud was also properly dismissed. In order to state a claim for fraud a plaintiff must demonstrate: “(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff.” Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir.2001) (citing Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 421, 668 N.E.2d 1370, 646 N.Y.S.2d 76 (1996)).
On April 30, 2004 at oral argument before this Court, Martin noted that he acquired his interest in a judgment lien on the real property at issue sometime in 2002. The alleged fraudulent conduct occurred in 1997 and 1999. Martin has not claimed that he had any interest in the property prior to acquiring his interest in 2002. Therefore, Martin could not allege reasonable reliance upon defendants’ alleged fraudulent statements, a necessary element of a claim for fraud. See Wells Fargo Bank Northwest, N.A. v. Taca Int’l Airlines, S.A., 247 F.Supp.2d 352, 363-64 (S.D.N.Y.2002) (citing Manning v. Utilities Mut. Ins. Co., 254 F.3d 387, 400 (2d Cir.2001)).
2. Leave to Amend is Denied
‘While leave to amend a pleading shall be freely granted when justice so requires, Fed.R.Civ.P. 15(a), amendment is not warranted in the case of, among other things, ‘futility.’ ” Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir.2003). “A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6).” Id. Allowing Martin to amend this complaint would be futile. As the district court set forth in the January 11, 2003 Decision and Order, this complaint is not plaintiffs first bite at the apple: “[t]his is not the first action brought by Martin seeking, in essence, to challenge portions of the various bankruptcy proceedings.” Judge McAvoy further pointed out that plaintiff had already been both warned about — and sanctioned for— filing frivolous lawsuits relating to the bankruptcies. Therefore, because Martin did not formally request leave to amend, and because he has not indicated that he will be able to properly state a cause of action in an amended complaint, leave to amend is denied.
For the reasons stated, we hereby AFFIRM the district court’s order dated August 5, 2003.

. Although Martin filed an appeal from the Order dated January 11, 2003, he subsequently moved to withdraw that appeal and his motion was granted on August 27, 2003. In addition, Martin stated in oral argument before this Court that he was not seeking review of the January 11, 2003 Decision and Order.