■ JOHN M. GRAZIOLI et al., Respondents, v ENCOMPASS INSURANCE COMPANY, Appellant, et al., Defendant. [835 NYS2d 682]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Encompass Insurance Company appeals from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), entered June 27, 2006, as denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action insofar as asserted against it and to dismiss so much of the complaint as sought to recover consequential damages and attorneys' fees from it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action insofar as asserted against the defendant Encompass Insurance Company and to dismiss so much of the complaint as sought to recover attorneys' fees from the defendant Encompass Insurance Company, and substituting therefor provisions granting those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

"When assessing the adequacy of a complaint in light of a CPLR 3211 (a) (7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide [the] plaintiff . . . 'the benefit of every possible favorable inference' " (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005], quoting *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see McKenzie v Meridian Capital Group, LLC*, 35 AD3d 676, 676 [2006]).

Here, the Supreme Court improperly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action insofar as asserted against the appellant alleging a breach of the implied covenant of good faith. That claim "is duplicative of the breach of contract claim" (*Paterra v Nationwide Mut. Fire Ins. Co.*, 38 AD3d 511, 513 [2007]; *see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320 [1995]; *Tag 380, LLC v ComMet 380, Inc.*, 40 AD3d 1 [2007]; *see also Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 470 [2002]).

The Supreme Court also improperly denied that branch of the defendants' motion which was to dismiss the third cause of action for punitive damages insofar as asserted against the appel-

lant. "[A] demand for punitive damages may not constitute a separate cause of action for pleading purposes" (*Porter v Allstate Ins. Co.* 184 AD2d 685, 686 [1992]; *see Crown Fire Supply Co. v Cronin*, 306 AD2d 430, 431 [2003]). Moreover, the complaint neither alleges conduct of such an egregious nature directed at the plaintiffs nor a pattern of such conduct directed at the public in general sufficient to sustain a demand for punitive damages (*see Johnson v Allstate Ins. Co.*, 33 AD3d 665, 666 [2006]; *Flores-King v Encompass Ins. Co.*, 29 AD3d 627, 627 [2006]; *Logan v Empire Blue Cross & Blue Shield*, 275 AD2d 187, 194 [2000]).

Insureds, such as the plaintiffs here, "may not recover the expenses incurred in bringing an affirmative action against an insurer to settle [their] rights under the policy" (*New York Univ. v Continental Ins. Co., supra* at 324; *see Flores-King v Encompass Ins. Co., supra*). Thus, the Supreme Court improperly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as sought to recover attorneys' fees from the appellant.

The parties' remaining contentions are without merit. Spolzino, J.P., Fisher, Covello and McCarthy, JJ., concur.