■ SHARON KANTROWITZ, Respondent, v ALLSTATE INDEMNITY COMPANY, Defendant, and ALLSTATE INSURANCE COMPANY, Appellant. [853 NYS2d 151]—

In an action to recover under a homeowner's insurance policy, the defendant Allstate Insurance Company appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 20, 2007, as, upon granting its motion pursuant to CPLR 3211 (a) (7) to dismiss the second, third, and fourth causes of action and the claim for attorneys' fees, costs, and disbursements, granted the plaintiff leave to replead those causes of action after the completion of disclosure.

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

Upon granting the appellant's motion pursuant to CPLR 3211 (a) (7) to dismiss the second, third, and fourth causes of action and the claim for attorneys' fees, costs, and disbursements, the court erred in including in its order a provision granting the plaintiff leave to replead those causes of action after the completion of disclosure. In opposition to the appellant's motion pursuant to CPLR 3211 (a) (7), the plaintiff failed to establish that "facts essential to justify opposition may exist but [could not] then be stated" (CPLR 3211 [d]).

With respect to so much of the second cause of action as sought to recover punitive damages against the appellant, a demand for punitive damages may not constitute a separate cause of action for pleading purposes (*see Grazioli v Encompass Ins. Co.,* 40 AD3d 696 [2007]; *Crown Fire Supply Co. v Cronin,* 306 AD2d 430, 431 [2003]; *Warhoftig v Allstate Ins. Co.,* 199 AD2d 258, 259 [1993]). With respect to so much of the second cause of action as sought to recover attorneys' fees and the claim for attorneys' fees, costs, and disbursements in the ad damnum clause, the plaintiff may not recover the expenses incurred in bringing an affirmative action against an insurer to settle her rights under the policy (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 324 [1995]; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21 [1979]; *Grimsey v Lawyers Tit. Ins. Corp.,* 31 NY2d 953, 955 [1972]). With respect to the third cause of action to recover a monetary penalty against the appellant pursuant to Insurance Law § 2601 (c), "this State does not currently recognize a private cause of action under Insurance Law § 2601" (*Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603, 614 [1994]; *see New York Univ. v Continental Ins. Co.,* 87 NY2d at 317-318; *Zawahir v Berkshire Life Ins. Co.,* 22 AD3d 841, 842 [2005]; *Cicchetti v General Acc. Ins. Co. of N.Y.,* 272 AD2d 500, 501 [2000]). With respect to the fourth cause of action to recover treble damages against the appellant pursuant to General Business Law § 349, the plaintiff failed to

allege that the defendants engaged in deceptive acts or practices that had a broad impact on consumers at large (*see New York Univ. v Continental Ins. Co.,* 87 NY2d at 320; *Zawahir v Berkshire Life Ins. Co.,* 22 AD3d at 842; *Berardino v Ochlan,* 2 AD3d 556, 557 [2003]; *Korn v First UNUM Life Ins. Co.,* 277 AD2d 355, 356 [2000]).

Thus, no facts justifying opposition to the appellant's motion existed, and that motion should have been granted with prejudice. Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.