OPINION OF THE COURT
Daniel Palmieri, J.
This motion by defendant State Farm Fire & Casualty Company for an order pursuant to CPLR 3211 dismissing so much of the plaintiffs’ complaint that seeks punitive damages and/or statutorily mandated damages (sequence No. 001) is granted and such claims are dismissed; the motion by defendant Fireman’s Fund Insurance Company and the American Insurance Company, erroneously denominated a cross motion (see CPLR 2215), for an order pursuant to CPLR 3211 dismissing so much of the plaintiffs’ complaint that seeks punitive damages and/or statutorily mandated damages (sequence No. 002) is granted and such claims are dismissed; the motion by defendants Travelers Indemnity Company, sued herein as St. Paul Travelers, and Charter Oak Fire Insurance Company, erroneously denominated a cross motion (see CPLR 2215), for an order pur *593 suant to CPLR 3211 dismissing so much of the plaintiffs’ complaint that seeks punitive damages and/or statutorily mandated damages (sequence No. 003) is granted and such claims are dismissed; the motion by State Farm for an order pursuant to CPLR 1003, erroneously denominated a cross motion (see CPLR 2215), dismissing the complaint in its entirety for failure to join necessary parties (sequence No. 004) is denied. Plaintiffs are granted leave to replead to add a claim for consequential damages.
This is an insurance coverage case in which the plaintiffs have been sued in the Supreme Court, Queens County, for damages flowing from an alleged sexual assault committed by plaintiff Barry J. Silverman, D.M.D. (defendant in the Queens action) on one Elizabeth C. As alleged in the underlying Queens action, the incident took place on September 10, 2006 at the premises of defendants’ dental practice in Bayside, New York.[1]
According to the complaint in the instant action, State Farm had issued a homeowner’s liability policy to Silverman and his wife for premises located in Merrick, New York, and provided liability coverage for the plaintiffs (first cause of action). The plaintiffs further allege that Travelers issued a business owner’s liability policy to plaintiff University Dental, P.C., covering the plaintiffs (second cause of action). Charter Oak is alleged to have provided coverage under this policy (third cause of action). Fireman’s Fund is alleged to have issued a commercial general liability policy covering the plaintiffs (fourth cause of action). A fifth cause of action is asserted against defendant American, which is alleged to have issued another commercial general liability policy in favor of plaintiffs.[2]
In their action, the plaintiffs seek a declaratory judgment that all these insurance carriers are obliged to defend and indemnify the plaintiffs with regard to the pending action against them in Queens County. They also seek “punitive damages and statutorily mandated damages, if applicable and deemed appropriate by the court under the circumstances.”
The foregoing stems from denial of coverage by these carriers on various grounds.
*594 The motions made by defendants for dismissal of the punitive damages claim and “statutorily mandated” claim are granted.
As this motion is made pursuant to CPLR 3211 (a) (7), the court must look within the four corners of the complaint, and if a cause of action is discernable therefrom the motion should fail. (See e.g. Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977].) In making this determination, the factual allegations asserted in the pleading are to be accepted as true, and the plaintiff is to be accorded the benefit of every favorable inference that may be drawn therefrom. (Konidaris v Aeneas Capital Mgt, LP, 8 AD3d 244 [2d Dept 2004]; Leon v Martinez, 84 NY2d 83 [1994].) Even when applying these well-established standards to the complaint in this action, however, it is apparent that no claim lies for punitive damages or for unspecified “statutorily mandated” damages.
The court notes that none of the plaintiffs have submitted an affidavit or other proof in opposition to these motions. Their attorney has submitted an affirmation in which he recites his clients’ position in the present action, with a history of the underlying relationship between Ms. C. and plaintiffs. Essentially, he asserts that there was no assault but only a consensual sexual encounter initiated by Ms. C. when she was plaintiffs’ employee, the purpose of which was to later extort money from the plaintiffs. However, this is not stated to be on the attorney’s personal knowledge. Indeed, although the answer in the Queens case is submitted, that pleading was verified by the attorney and not by any of the plaintiffs in this action. The court thus has nothing before it constituting evidence that may serve to fill in any gaps in the pleading at issue here. (Cf. Guggenheimer v Ginzburg, supra.) In any event, counsel’s statement, even if it had been made by a party, would not serve to change the result.
Under New York law, punitive damages would be available in this case only where the plaintiffs could demonstrate that they were victims of a tort independent of the insurance contract — even if denial of benefits under that contract could be deemed made in bad faith. (New York Univ. v Continental Ins. Co., 87 NY2d 308 [1995]; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603 [1994].) An independent tort is not alleged here. At best, the court has before it a breach of contract that might be characterized as egregious, but that is not a tort. Moreover, punitive damages in the current context would require that the insurer’s acts be those “evincing a high degree of moral *595 turpitude and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations.” (Rocanova at 613 [internal quotation marks omitted].) Again, the allegations, and even the statement of plaintiffs’ attorney, do not indicate behavior that rises to that level. (See also Fabiano v Philip Morris Inc., 54 AD3d 146, 150 [1st Dept 2008] [“the courts of this state have been so adamant that punitive damages are £a social exemplary “remedy,” (and) not a private compensatory remedy’ that the imposition of such damages for private purposes has been held to violate public policy” (citation omitted)].)
Plaintiffs do not dispute the foregoing law. Rather, citing recent decisions of the Court of Appeals, they contend that they may sue for consequential damages resulting from the failure to provide coverage. Such a failure may indeed support such a claim if it flows from a breach of the covenant of good faith and fair dealing, which the courts will read into all insurance contracts. (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187 [2008]; Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200 [2008].) However, as a claim for consequential damages is not the subject of the instant motions the court need not address it as a basis for denying those motions, except to note that it does not serve to bolster a claim for punitive damages. Indeed, the Court of Appeals itself expressly distinguished the two and indicated no change to the law in that regard. (Bi-Economy Mkt., Inc., at 193-194.) “When an insured . . . suffers additional damages as a result of an insurer’s excessive delay or improper denial, the insurance company should stand liable for those damages. This is not to punish the insurer, but to give the insured its bargained-for benefit.” (Id. at 195 [emphasis added].)
Accordingly, the court agrees with the defendants that a claim for punitive damages does not lie and the same is dismissed as to all defendants.
Further, to the extent the “statutory” claim is premised on the alleged failure to settle fairly and quickly the insurance claims made, the reference is deemed to be to Insurance Law § 2601 (c), which prohibits unfair claims settlement practices, but New York does not currently recognize a private right of action thereunder. (Kantrowitz v Allstate Indem. Co., 48 AD3d 753 [2d Dept 2008].) Accordingly, it too is dismissed as to all defendants.
However, in view of the recent Court of Appeals decisions cited above, and the very early stage of the instant litigation, *596 the plaintiffs may serve an amended complaint seeking consequential damages, as sought in counsel’s request to replead. The defendants oppose the request, but the court notes that the 2005 amendment to CPLR 3211 (e) eliminated the requirement that the party facing dismissal under CPLR 3211 demonstrate “good ground” to replead. The Memorandum in Support of the New York State Senate indicates that one of the purposes of the amendment was to reassert the rule of Rovello v Orofino Realty Co. (40 NY2d 633 [1976]), which drew a clear distinction between motions under CPLR 3212 and CPLR 3211, so that when the motion to dismiss was addressed only to the pleading a pleader was not put in the position, in effect, of having to defend his case as he would on a summary judgment motion in order to obtain leave to replead. (2005 McKinney’s Session Laws of NY, at 2441.) As noted, this case is in the very early stages, and the law on the subject has at least arguably been changed to allow for a consequential damages claim here.[3] Thus, given the elimination of the “good ground” requirement, repleading will be allowed. (Cf. Mancuso v Rubin, 52 AD3d 580, 584 [2d Dept 2008].)
The cross motion by State Farm to dismiss for failure to include Elizabeth C. and Ronald C. (the latter also alleged by plaintiffs’ counsel to have been part of the scheme to extort money) is denied. Given the essential nature of this case, these individuals, strangers to the insurance contracts at issue, are not necessary for any of the current parties to obtain complete relief. (See Zurich-American Ins. Cos. v Atlantic Mut. Ins. Cos., 139 AD2d 379 [1st Dept 1988], affd 74 NY2d 621 [1989].)

. It should be noted that in the complaint in the instant action the alleged assault is stated to have occurred at another premises, on Merrick Road in Bellmore, New York, which is named as Silverman’s “place of employment.” Plaintiffs’ counsel notes that in her verified bill of particulars Ms. C. alleges that the incident occurred at the Bellmore location.

. Counsel for Fireman’s Fund and American states that there is but one policy issued by American, which is a Fireman’s Fund-affiliated company.

. This is not to say that the court has determined that a claim for consequential damages is in fact viable in this case, and the defendants are not barred from moving to dismiss this claim after sufficient discovery has been had.