■ Kenneth Doody et al., Respondents, v Liberty Mutual Group, Inc., Appellant. [27 NYS3d 617]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered February 17, 2015, which denied its motion for summary judgment, in effect, dismissing the cause of action alleging breach of the covenant of good faith and fair dealing and so much of the complaint as sought an award of an attorney's fee, replacement cost benefits, and reimbursement of public adjuster fees.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment, in effect, dismissing so much of the complaint as sought an award of an attorney's fee, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

After their home was damaged by a fire, the plaintiffs com-

menced this action, inter alia, to recover damages for breach of a homeowners' insurance policy. The plaintiffs sought, among other things, an award of an attorney's fee. The defendant insurance company moved for summary judgment, in effect, dismissing the cause of action alleging breach of the covenant of good faith and fair dealing and so much of the complaint as sought an award of an attorney's fee, replacement cost benefits, and reimbursement of public adjuster fees. The Supreme Court denied the motion, and the defendant appeals.

Implicit in every contract is a covenant of good faith and fair dealing which encompasses any promise that a reasonable promisee would understand to be included (see *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d 781, 784 [2012]). In the context of an insurance contract, "a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims" (*New York Univ. v Continental Ins. Co.*, 87 NY2d at 318). Here, the defendant failed to eliminate all triable issues as to whether it investigated the loss in good faith and timely paid covered claims (see generally id. at 318; see also *Atlas El. Corp. v United El. Group, Inc.*, 77 AD3d 859, 861 [2010]). Further, contrary to the defendant's contention, the cause of action alleging breach of the covenant of good faith and fair dealing is not wholly duplicative of the cause of action alleging breach of contract (cf. *Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d at 784; *Atlas El. Corp. v United El. Group, Inc.*, 77 AD3d at 861; *Grazioli v Encompass Ins. Co.*, 40 AD3d 696, 697 [2007]). Moreover, the defendant failed to eliminate all triable issues as to whether it may ultimately be liable for replacement cost benefits and reimbursement of public adjuster fees. In light of the defendant's failure to meet its prima facie burden on those issues, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for judgment as a matter of law, in effect, dismissing the cause of action alleging a breach of the covenant of good faith and fair dealing and so much of the complaint as sought replacement cost benefits and reimbursement of public adjuster fees.

However, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought an award of an attorney's fee. "[A]n insured may not recover the expenses

incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (*New York Univ. v Continental Ins. Co.*, 87 NY2d at 324; *see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 16 [1979]; *Stein, LLC v Lawyers Tit. Ins. Corp.*, 100 AD3d 622, 622-623 [2012]; *Kantrowitz v Allstate Indem. Co.*, 48 AD3d 753, 754 [2008]; *Grazioli v Encompass Ins. Co.*, 40 AD3d at 698; *Hedaya Home Fashions, Inc. v American Motorists Ins. Co.*, 12 AD3d 639, 640 [2004]). The defendant established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as sought an award of an attorney's fee by demonstrating that the plaintiffs were insureds under the policy and that they commenced this action to settle their rights under the policy (*see New York Univ. v Continental Ins. Co.*, 87 NY2d at 324; *Companion Life Ins. Co. of N.Y. v All State Abstract Corp.*, 35 AD3d 519, 522 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. Balkin, J.P., Hall, Roman and Maltese, JJ., concur.